(No. 11759.—Reversed in part and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* SAMUEL H. PRICE *et al.* Appellants.

*Opinion filed February 20, 1918.*

1. EMINENT DOMAIN—*title to property condemned does not vest until damages are paid.* The title to property condemned does not vest in the petitioner until the damages awarded by the judgment are paid, as the petitioner need not take the property, even after judgment, unless he desires to do so.

2. TAXES—*lien for taxes is not divested by condemnation proceeding.* The lien for taxes to which property is subject on the first day of May in each year in which the taxes are levied is not divested by condemnation proceedings, and where the title remains in the original owner until after the taxes have become a lien he is liable for the taxes on the entire tract.

3. Other questions in this case are controlled by the decision in *People* v. *Klee,* (*ante,* p. 440.)

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WILLIAM M. LAWTON, and ELMER M. LIESSMANN, (GEORGE A. MASON, of counsel,) for appellants.

MACLAY HOYNE, State's Attorney, ORVILLE R. SEITER, and IRWIN N. WALKER, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment entered in the county court of Cook county ordering the sale of certain property because of failure to pay taxes.

By a stipulation filed in this case it is agreed that the decision on the points involved in *People* v. *Klee,* (*ante,* p. 440,) is to govern on all points in this case that are in common with those of the *Klee case.* There is, however, a question raised in this case that is not raised in that case and therefore must be further considered.

Appellants were the owners of property located at the southeast corner of Wabash avenue and Twelfth street, in Chicago, which had a frontage of 71 feet on Wabash avenue and a depth of 165½ feet on Twelfth street, of which 68 feet was taken in eminent domain proceedings to widen Twelfth street. At the time those proceedings were filed to widen Twelfth street,—that is, on April 7, 1911,—the property in question was improved with an old frame building with brick addition. The commissioners in said condemnation proceedings allowed $3000 a front foot for the 68 feet taken, or $204,000, and $23,000 for the improvements, and assessed back as benefits on the 3-foot strip not taken, $3000. The trial court in the condemnation proceedings canceled the assessment for benefits on the 3-foot strip but did not otherwise modify the commissioners' finding and assessment roll. From this judgment of the trial court an appeal was prayed to this court, and the judgment was reversed and the cause remanded, with directions to allow damages to the 3-foot strip. (*City of Chicago* v. *Lord,* 277 Ill. 397.) Thereafter the cause was re-docketed in the superior court of Cook county and $9000 was allowed as damages to said strip, and judgment for that amount was entered on May 2, 1917. The amount of the two judgments as to the property taken and as to damages to the remaining strip aggregated $236,000. This total amount was paid by the city on May 4, 1917, and an order of possession entered. Thereafter the city took possession of the property condemned and the buildings thereon were destroyed.

The owners paid the taxes for the years 1910 to 1915, inclusive. The 1916 taxes on the entire strip, amounting to $2342.40 and interest, have not been paid, and it was for said taxes of 1916 that the judgment in this case was entered in the county court of Cook county. Appellants in the trial court in this tax proceeding offered to prove that during the renting year, May 1, 1916, to May 1, 1917,

five of the eight flats in the building on said condemned property were vacant; that four of the ten stores were vacant; that the rentals of this property for the years 1913-14 and 1914-15 were $13,330 for each year; that for the year 1915-16 the rentals were $9220 and for the year 1916-17 $8608; that the decreased rents were due to the pendency of the condemnation proceedings and the liability of the entry of judgment and of the property being taken at any time by the city. Objection by the People to this evidence was sustained by the trial court.

The tax levy complained of was against all the property, including that condemned as well as the strip not condemned. Appellants assert that they are willing to pay the proper proportion of the taxes assessed on the property not taken but should not be required to pay on the property taken. The judgment of the county court as to the unpaid taxes was entered against all of the property, both the strip not taken and the land that was taken by the city, and this seems to be in accordance with the holding of this court that taxes upon real estate are a lien or charge upon the land itself on the first day of May each year they are levied. *Cooper* v. *Corbin*, 105 Ill. 224; *Wabash Eastern Railway Co.* v. *East Lake Fork Drainage District*, 134 id. 384.

Appellants contend that the petition for condemnation having been filed long before this tax was levied, which proceeding destroyed, in a large measure, the rental value of the property, a tax upon the basis of the original frontage or amount of property should not be collected; that the value assessed for taking property is always required to relate back to the time of filing the petition. (*Lambert* v. *Giffin*, 257 Ill. 152; *East Side Levee District* v. *East St. Louis and Carondelet Railway*, 279 id. 123.) They argue that even though the owner is not deprived of the legal title until the money is actually paid, he should not, in equity, be required to pay taxes on the property under circumstances such as here attempted to be shown when

the rental value of the property has been greatly injured by the filing of the condemnation proceedings. The rule is, that the title to property condemned does not vest until damages awarded by the judgment are paid. (*Chandler v. Morey,* 195 Ill. 596; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 id. 141.) This rule is undoubtedly based on the fact that the party condemning need not take the property, even after judgment, unless he desires to do so. (2 Lewis on Eminent Domain,—3d ed.—sec. 955.) The rights of the various parties, under such circumstances, are controlled by the statutes of the different States. In this State, by an amendment to the Eminent Domain act in 1897, it was provided that the petitioner shall pay the defendant's costs, expenses and reasonable attorney's fees if he fails to pay full compensation within the time fixed by the order of court condemning the property. (*Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579.) This entire property, under the statute of this State as construed in *Cooper* v. *Corbin, supra,* was liable to taxes for the year 1916 on May 1, 1916, and subject to the lien of said taxes from that date on, and the usual rule is that this tax lien is not divested by condemnation proceedings. (2 Lewis on Eminent Domain,—3d ed.—sec. 524.) To require appellants to pay taxes on the entire tract for the year 1916, under the circumstances set out in this record, may not be absolutely equitable, but under the statutes and authorities cited, as the title remained in appellants until after these taxes became a lien on the entire tract, we are compelled to hold that the judgment of the county court was correct. If the ruling should be otherwise in cases of this kind, the remedy lies with the legislative branch of the government and not with the courts.

The judgment of the county court will be affirmed as to these taxes on this property, including that taken by the eminent domain proceedings. As this case on the other questions raised, by stipulation, must follow the reasoning in

*People* v. *Klee, supra,* the judgment of the county court as to the questions here involved similar to those questions will be affirmed as to those taxes that are affirmed in that case and reversed and the cause remanded as to the taxes as to the county of Cook.        *Reversed in part and remanded.*