(No. 19734.—

CHARLES F. VANWINKLE, Appellee, *vs.* WILLIAM H. LOEHDE, Appellant.

*Opinion filed October 19, 1929.*

ENOCH J. PRICE, for appellant.

CHARLES G. HENDRICKS, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

On April 27, 1928, Charles F. VanWinkle filed an application under the act commonly known as the Land Registration act, in the circuit court of Cook county, to register title to blocks 3 and 4 in Hirsh & Young's subdivision of the northwest quarter of the southeast quarter of section 24, township 38, north, range 13 east of the third principal meridian, in Cook county, Illinois. The application, among other things, alleged ownership in fee of the property, that the land was vacant and unimproved, and that William H. Loehde claimed an interest therein through *mesne* conveyances based upon recorded tax deeds which are void. Loehde filed an answer denying the material allegations in the application except the one setting forth his interest in the property. The cause was referred to an examiner of titles and the proofs of the applicant were heard. No proof

was presented before the examiner by Loehde, and a report was made finding the title in fee to be in the applicant, subject to certain general taxes, special improvement assessments, the reimbursement to Jacob Glos, or to William H. Loehde as his assignee or grantee, of $919.92 for moneys and expenses paid out upon two certain recorded tax deeds, and to a certain petition for condemnation proceedings filed on August 31, 1928, by the city of Chicago against the applicant to ascertain compensation to be paid to the owners of the south 455.3 feet of blocks 3 and 4 for public school purposes. The examiner further found that the tax deeds under which Loehde claimed an interest are void and should be set aside upon the payment of $919.92 into court, and recommended that a decree be entered in accordance with the prayer of the application. Loehde filed objections to this report, among which was the claim that the examiner had failed to find and report that because of the condemnation suit commenced to take the south 455.3 feet of the property here involved the proceedings for registration of title could not be maintained. The objections were overruled by the examiner and his report was filed in the circuit court in January, 1929. Loehde renewed his objections in the form of exceptions to the report. Upon leave of court Loehde introduced further evidence, consisting of a copy of the petition in the condemnation proceedings involving the property in question; also the judgment entered on December 20, 1928, in that case, showing that upon payment of $95,000 and costs within ninety days from date thereof, and upon proof of such payment being made to appellee, the petitioner, the city of Chicago, for the use of schools, may enter upon the property condemned. The trial court overruled the exceptions of Loehde and entered a decree March 1, 1929, in substantial accordance with the report of the examiner and the prayer of the application. From that decree Loehde has prosecuted an appeal to this court.

The only question presented by this appeal is as to whether the court erred in not dismissing the land registration proceeding, at least in so far as it affected that part of the property condemned for school purposes. Appellant contends that the important and basic principle of the Torrens system of land registration is that the applicant must show good title as against all the world before he can legally be granted a certificate of registration. Counsel for appellee admits the principle asserted by appellant and as expounded in *Glos* v. *Kingman & Co.* 207 Ill. 26, *Brooke* v. *Glos,* 243 id. 392, and other cases decided by this court. Appellee maintains, however, that in a condemnation proceeding the title to the property condemned does not vest until the judgment for damages has been paid.

In the instant case appellant's interest is claimed under tax deeds issued to and recorded by Jacob Glos, who transferred his interest to appellant. Appellant offered no evidence in support of his own claim but relied on the alleged weakness of appellee's title. Appellee showed chain of title to his property from the United States government to the date of proof, and under this proceeding appellant's money value of his tax liens was ascertained by the examiner and approved by the court. Title in fee was found by the title examiner to be in appellee, subject to certain general taxes, special assessments, the tax lien claim of appellant, and the city of Chicago condemnation proceedings. The decree particularly set out or referred to the rights of others in the property, but no such rights, claims or liens at that time necessarily affected the fee simple title to the property.

In condemnation proceedings the rule is that the title to property condemned does not vest until the damages awarded by the judgment entered are fully paid. The party instituting the condemnation proceedings need not take the property, even after judgment is entered, unless he chooses to do so. (*People* v. *Price,* 282 Ill. 519; *City of Chicago* v. *Barbian,* 80 id. 482.) No title to the south

part of appellee's property had passed to the city of Chicago under the condemnation proceedings when the decree in this case was entered, neither was there any positive assurance that appellee would ever be deprived thereof under the terms of the condemnation judgment.

The proof offered by appellee and the showing of title were sufficient, and the decree will therefore be affirmed.

*Decree affirmed.*