(No. 23147.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* LUCY J. ATWATER, Appellant.

*Opinion filed February 19, 1936—Rehearing denied April 8, 1936.*

ROSENTHAL, HAMILL & WORMSER, (LESSING ROSEN-THAL, and GEORGE W. GALE, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, and HAYDEN N. BELL, (JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This appeal is from a judgment and order of sale of real estate belonging to Lucy J. Atwater, appellant, for delinquent 1927 and 1928 taxes, rendered by the county court of Cook county. The lot in question is on the south side of Wacker Drive in Chicago and has a frontage of 22.8 feet and a depth of 140 feet. It is located between State street and Wabash avenue.

On June 21, 1922, the city council passed an ordinance directing that this lot be condemned for use as a public street. The petition for condemnation was filed in the county court of Cook county on October 22, 1923. The ordinance has not been repealed but on October 27, 1933, the city dismissed the suit. The board of assessors exempted the lot from taxation in 1927 and 1928. The board of review assessed the property for 1928 and also as omitted property for 1927. The full valuation for 1927 was found to be $251,681 and $217,290 for 1928. The assessed value for 1927 was $93,122 and for 1928 was $80,397.

The appellant contends that the board of review was not authorized to tax her lot for 1927 as omitted property. The description of the property is shown in the assessment roll for 1927, but no assessment was made against it in that year. Instead it was marked "Exempt St." In 1928 Section 35 of the revenue act of 1898, as amended, (Laws of 1923, p. 498,) in part provided:

"The board of review shall, in any year, whether the year of the quadrennial assessment or not:

"First: Assess all property subject to assessment which shall not have been assessed by the assessor, and list and assess all property real or personal that may have been omitted in the assessment of any year or number of years, or if the tax thereon, for which such property was liable, from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the board in its revision of assessments, and the board may make such alterations in the description of real or personal property as it shall deem necessary."

It is not disputed that in 1928 the board of review was the only taxing body that had authority to levy taxes on property for a prior year, but appellant contends that the case before us does not come within the above statute and

that the board of review of Cook county was without authority to levy the back tax for 1927.

In *Allwood* v. *Cowen,* 111 Ill. 481, the credits of the taxpayer had been assessed and the tax paid and the question was whether an assessor could lawfully assess as omitted property, credits which it was claimed had been omitted in prior years. At page 485 of that decision we said: "So far as the assessor exercised his judgment in ascertaining such facts, under the statute his acts are in the nature of judicial acts, and are not subject to review by his successor, whether decided ever so erroneously. Ascertaining the amount of credits after deducting *bona fide* debts owing by the party to be assessed, involves, in some degree at least, judgment and determination on the part of the assessor acting. No power is given by statute to his successor, whether he is his own successor or not, to correct or in any manner revise the judgment of his predecessor in such matters."

Likewise in *Warner* v. *Campbell,* 238 Ill. 630, we held that when credits had been assessed and the taxes thereon had been paid, the board of review in subsequent years had no authority to increase such an assessment on the theory that it was too low, or that the board was assessing omitted credits, citing *Barkley* v. *Dale,* 213 Ill. 614, and other cases. The appellee does not contend that the 1927 exemption was fraudulent, and the appellant does not contend that her property was legally exempt from taxation. The finding of the board of assessors and of the board of review in 1927 that it was exempt, was merely erroneous. This action of the board was judicial in character, just as that of the assessor in the *Allwood* and *Warner* cases. Therefore, in 1928 the board of review attempted without authority to review the action of the two boards in 1927. It was without such power and the appellant's objection to the 1927 taxes on this lot should have been sustained.

The appellant contends that in making the 1928 assessment the board of review was required to give consideration to the pendency of the condemnation suit as a factor which decreased the value of her property. She says that rule fourteen of the State Tax Commission hereinafter quoted, compelled the board of review to give consideration to this factor and that the 1928 assessment is so excessive as to be fraudulent *per se*.

Appellant's witness, Mark Levy, testified that the full, fair market value of her property in 1927 and 1928 was $108,644. He stated that the pending condemnation suit greatly reduced its value. This was not a mere reduction in rentals and a limiting of the use of the property, but reduced the value, itself.

The appellant introduced in evidence a written report of Walter R. Kuehnle, head of the real estate division in the assessor's office, in which he recommended that the assessment for the years 1927 to 1932 be revised for the reason that the board of review failed to take into consideration the pendency of the condemnation suit. His revised full valuation of the land was $84,470 for 1927 and $88,692 for 1928. He did not change the original full valuation of the improvements, which was $4188. This report had no evidentiary value because it did not comply with paragraph 325 of chapter 120 of Cahill's statutes, 1929, which reads, in part: "Provided, however, that if at any time before judgment or order of sale therefor the said assessors shall discover an error or mistake (other than errors of judgment as to the valuation of any real or personal property) in any assessment of any property belonging to any person or corporation, they shall issue to the person or corporation erroneously assessed a certificate setting forth the nature of such error and the cause or causes which operated to produce the same, which said certificate, when properly endorsed by the majority of the board of review, show-

ing their concurrence therein, and not otherwise, may be used in evidence in any court of competent jurisdiction."

In objecting to this report appellee's counsel said that it was void, and that there was no specific rule in the assessor's office that a pending condemnation suit should be considered in assessing real estate. Appellee further objected that this report, if competent, would be evidence of a mistake of judgment rather than of a mistake of fact.

Appellant contends that the board of review ignored rule fourteen of the State Tax Commission which, in part, provides:

"Fourteenth. In counties having a population of more than 500,000: * * *

"(d) In arriving at the final determination of the value of each town or city lot or parcel of land on any street in any block the local assessment officers shall take into consideration, among other things, and record on the permanent record sheet or card of such lot or parcel of land the standard unit of value of land on that street in that block as finally determined by the local assessment officers and finally recorded on the land value maps mentioned above. They shall also take into consideration and record on said record card the amount of enhancement or detraction influencing the value of any lot due to greater or less depth than the depth of the standard unit foot; or due to corner or alley influence or railways or other enhancing or detracting factors. * * *

"(f) The local assessment officers shall enter upon the permanent record sheet of each town or city or parcel of land the computation records showing by percentages or otherwise the elements taken into consideration, enhancing or detracting elements, such as depth, corner, alley, railway or other elements to which they have given consideration in arriving at the value of each such lot or parcel."

In *People* v. *Price,* 282 Ill. 519, the county court sustained an objection to proof that rents from the property

were adversely affected by a pending condemnation suit. The lot there in question was 71 feet in width and 68 feet was taken. In sustaining the judgment of the county court we denied the contention that the tax-payer ought not be compelled to pay taxes on the property when its rental value had been greatly reduced by the pendency of the condemnation proceedings, and said that the remedy must be sought from the legislature.

We said in *Mills* v. *Forest Preserve District*, 345 Ill. 503, 509: "The enactment of the ordinance directing the purchase or condemnation of the land was not a taking of the land in any sense. It conferred no right in the land and did not interfere in any way with its use, control or disposition. Its only effect was an indication of an intention to negotiate for the purchase of the land. It may be an embarrassment to a land owner that his land is subject to be taken for a public use—a highway, a street improvement, a public building—but it is one of the conditions on which an owner of land holds it in this State. Even the filing of a petition for condemnation gives no more interest in land than negotiations for its purchase. Both are methods of procuring title and neither gives any interest in the land until completed.—*City of Chicago* v. *Ridge Park District*, 317 Ill. 123; *Van Winkle* v. *Loehde*, 336 id. 327; *Forest Preserve District* v. *Kean*, 303 id. 293."

The value of land taken by condemnation is fixed as of the date the suit is filed. (*Lambert* v. *Giffin*, 257 Ill. 152; *East Side Levee District* v. *East St. Louis and Carondelet Railway*, 279 id. 123.) Physical conditions and things are the only enhancing or detracting factors included in rule fourteen of the State Tax Commission. The words "or other enhancing or detracting factors" follow the enumeration of "corner or alley influence or railways" and such factors are thus limited to such other physical facts or conditions as affect the value of the property. They do not

include an effect resulting from a pending condemnation suit. The board of review committed no error in failing to take into consideration the condemnation suit when it assessed appellant's property for the year 1928.

The only remaining contention that need be considered is that appellant's property was so grossly over-valued that the assessment is fraudulent *per se*. It appears that there was an agreement that if the city obtained a judgment of condemnation and took her property it was to pay $275,000 to appellant, and that she agreed to accept that amount. The values given by Mark Levy and in the Kuehnle report were reduced, because of the existence of the condemnation suit. For that reason it does not tend to prove that a fraudulent assessment was made by the board of review.

A mere difference of opinion as to value between the county court of Cook county and the board of review would not, standing alone, justify judicial interference with the assessment. Where the evidence shows a gross over-valuation which is entirely disproportionate to the actual value of the property, indicating that taxing officers acted in wilful disregard of the rights of the property owner, the court will interpose. (*Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602; *People* v. *Wiggins Ferry Co.* 357 id. 173.) Constructive fraud is shown where the over-valuation is grossly excessive, and it is proved that the assessment was made either in ignorance of the value of the property or that it was not based upon readily obtainable facts. *People* v. *St. Louis Bridge Co.* 357 Ill. 245, 253, 254; *People* v. *Stewart,* 315 id. 25; *Lambrecht* v. *Wilson,* 290 id. 547.

The burden is on the tax-payer to show actual fraud, or that the valuation is so excessive that it is not the result of a mistake of judgment. The evidence here does not show that the board of review made an arbitrary assessment for 1928 or that it acted through ignorance or in disregard of the facts. The objections to the 1928 taxes were properly overruled.

The judgment of the county court of Cook county in overruling the appellant's objection to the 1927 taxes is reversed and the cause is remanded, with directions to sustain that objection, and its judgment in overruling her objection to the taxes for 1928 is affirmed.

*Affirmed in part, reversed in part, and remanded with directions.*