(No. 30426)

THE PEOPLE *ex rel.* Mack Morse, Appellant, *vs.* HUGO CHAMBLISS *et al.*, Appellees.

*Opinion filed January 22, 1948.*

D. B. REID, of Cairo, for appellant.

CHARLES L. RICE, of Cairo, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

January 22, 1947, a verified complaint was filed in the circuit court of Alexander County by appellant, Mack Morse, against Hugo Chambliss, hereinafter referred to as appellee, and the county clerk and the sheriff of Alexander County, the latter also designated as *ex-officio* collector of Alexander County. The suit is brought by appellant in the name of The People on relation of himself as a taxpayer and on behalf of all other taxpayers similarly situated, and prays for an accounting of the taxes, interest, penalties and costs due upon property of appellee Chambliss, and for foreclosure of the tax lien upon said property if the amount found due is not paid. The complaint also asks for deed in case of sale unless redemption is effected and prays for other and further relief as equity may require. Motion of appellee to strike the complaint and dis-

miss the action as to him was allowed. An appeal was taken directly to this court, as the case is one relating to revenue.

The complaint alleges that appellee was on December 17, 1945, and at the time of the bringing of the suit, the owner of lots 6, 7, 8, and 9 in block 11 in the city of Cairo, Alexander County, Illinois; that taxes on said lots together with interest, penalties and costs for the years 1930 to 1944, inclusive, were due and unpaid in the aggregate amount of $28,061.37 as shown by the tax, judgment, forfeiture, sale and redemption records of said county; that on December 17, 1945, the county clerk certified to the sheriff, upon instructions of the board of county commissioners of Alexander·County, the amount of back taxes and penalties, plus one year's interest of 12 per cent together with costs due upon said lots, as being the sum of $14,518.50 and that the sheriff received said amount as full satisfaction thereof and marked his books accordingly. It is alleged that the board of county commissioners was without authority to authorize the acceptance of any less sum than the actual amount due; that the county clerk was without authority to certify any amount less than that actually due and that the sheriff and *ex-officio* collector was without authority to accept the lesser sum as full payment, etc. The complaint then alleges that the People are entitled to have and receive from appellee the balance of said taxes, penalties, interest and costs amounting to $13,542.87 and that the property had been forfeited to the State for failure to pay that amount.

The motion to strike the complaint and dismiss the suit is made upon the ground that a private individual has no authority to bring a suit to foreclose a tax lien; that the suit, being one to foreclose a tax lien, can only be instituted by virtue of section 216 of the Revenue Act of 1939 now in force; that the petition is not sufficient for other

reasons shown on the face thereof and is not sufficient to confer jurisdiction on the court.

Section 216 of the Revenue° Act, in force when this suit was filed, (Ill. Rev. Stat. 1945, chap. 120, par. 697,) provided for the enforcement of a lien on real estate for unpaid taxes by foreclosure of the lien. This section declares that the action is one *in rem*. It provides that the tax lien may be foreclosed in the name of the People of the State of Illinois on the direction of the county board of the county or upon the direction of the corporate authorities of any taxing body entitled to receive any part of the delinquent tax.

It is evident that the complaint is not based upon said section 216 of the Revenue Act nor does appellant attempt to bring himself within the provisions of that section. He admits that the suit is not brought under the Revenue Act, and says it is not to enforce a tax lien. In his argument appellant says: "The primary object of this action, is for an accounting against the appellee, Chambliss, to determine the amount of taxes, interest, penalties and costs he yet owes to the People of the State of Illinois, and when such accounting is had, that the appellee, Chambliss, be required to pay the balance yet due within a short day to be fixed by the court, and in default thereof, the premises mentioned in the complaint herein or such portion thereof as necessary, be sold by the sheriff and *ex-officio* collector of Alexander County, as provided by law, to recover the amount so found to be due. So that this action is not an action to foreclose a tax lien, as provided by Section 216 of the Revenue Act, * * *."

There can be no question but that the suit is for the collection of taxes alleged to be due and owing. The complaint alleges that the People still retain a lien against said property by reason of the unpaid taxes for the sum of $13,542.87, which is the amount for which judgment is

requested. The early case of *People* v. *Biggins,* 96 Ill. 481, was one to enforce by foreclosure the lien given by law on certain land in Madison County for the taxes due from 1871 to 1878 in the sum of $9000. Demurrer to that bill was sustained. The sole question in that case was the jurisdiction of a court of equity of a proceeding by bill for collection of taxes delinquent on real estate. The statute at that time provided: "The taxes assessed upon real property shall be a lien thereon from and including the first day of May in the year in which they are levied, until the same are paid," but it gave the court no jurisdiction to foreclose the tax lien. We said in that case, "* * * is there any logical or legal ground for holding that a lien of this character can be enforced by bill in chancery in the same manner that a lien can be enforced which is created by a real estate mortgage? This is not an equitable lien, nor a lien created by contract or usage. * * * The lien provided by the section, *supra,* was not created by contract, nor does it fall within the class denominated equitable liens, but it is a lien imposed and created by statute. * * * The same statute which creates the lien, provides the various steps that shall be taken to enforce that lien, and the lien can only be enforced by a strict compliance with the requirements of the statute." In 1881, immediately following the *Biggins case,* the statute was amended to provide that the tax lien may be foreclosed in equity in any court of competent jurisdiction. Such provision is still in the statute.

In the *Biggins case* we further said, "Suppose a person, after he had obtained a judgment which had become a lien on real estate, for some reason should neglect to levy upon and sell the real estate of the defendant in the mode required by the statute, but, on the other hand, should file a bill in a court of equity to foreclose the lien which the statute had given him, it would not, we apprehend, be seriously argued that a bill of that character could be

maintained, and, upon the same principle, the lien given for taxes cannot be foreclosed in equity, as the various steps to be taken to enforce a lien for taxes, in order to collect the same are as fully and as clearly defined by the Revenue law as the mode is pointed out by the statute under which a judgment lien may be enforced and the judgment collected."

The redemption period under a sale of real estate for taxes is two years, as provided in section 5 of article 9 of our constitution and as also provided by statute. The redemption period from sales under ordinary decrees in chancery does not exceed fifteen months. *Clark* v. *Zaleski,* 253 Ill. 63.

In the case of *People* v. *Thain,* 392 Ill. 592, we refer to the *Biggins case* and to the statute following it which provides that a tax lien may be foreclosed in equity, and say: "The same provision is now found in section 216 of the Revenue Act of 1939. This provision gave a court of equity power to foreclose a tax lien in the manner pro-vided by the Revenue Act."

In *Ottawa Gas Light and Coke Co.* v. *People,* 138 Ill. 336, suit was brought to recover taxes due and unpaid on the capital stock and personal property of the corporation. In that case we held that the authority of the county board to institute and prosecute suits for delinquent taxes, whether due upon delinquent lands or personal property, was amply given by statute. We said in that case, "Whether or not resort shall be had to proceedings at law to recover of prop-erty owners the overdue and unpaid taxes levied thereon, rests in the discretion of the county board; and we have no doubt that under the general power of the county board, as the fiscal agent of the county, it has the inherent right to direct the course of the proceeding, * * *."

Under section 33 of the Counties Act, (Ill. Rev. Stat. 1945, chap. 34, par. 33,) the duty is imposed upon county boards to take and order suitable and proper measures for

the prosecuting and defending of all suits and to prosecute or defend all suits for the enforcement and the collection of all taxes charged on the State assessment. And by the fifth paragraph of section 25 of the Counties Act the board is given authority to levy and collect taxes for county purposes.

In the case of *Ashton* v. *County of Cook,* 384 Ill. 287, where attorneys, not the State's Attorney, were endeavoring to collect fees under and by virtue of an agreement with the county commissioners for services rendered in the collection of back taxes, we held that the State's Attorney was the only authority which could bring a suit for the collection of taxes. Section 5 of the State's Attorneys Act (Ill. Rev. Stat. 1945, chap. 14, par. 5,) says, first, that it shall be the duty of the State's Attorney "to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county, in which the people of the state or county may be concerned;" and, second, "to prosecute all forfeited bonds and recognizances, and all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the state or his county, or to any school district or road district in his county; * * * which may be prosecuted in the name of the People of the State of Illinois." Referring to the above-quoted provisions we said in the *Ashton case,* "By the latter provision the duty to prosecute all actions and proceedings for the recovery of revenues and penalties is expressly imposed on the State's Attorney of the county where the default occurred. By section 33 of the Counties Act, the duty is imposed upon the county board to take and order suitable and proper measures for the prosecution of all suits which it may be necessary to start to enforce the collection of taxes charged on the State assessment. The general subject matter of these two statutes, so far as pertinent here, is the collection of delinquent taxes."

*People ex rel. Kunstman* v. *Nagano,* 389 Ill. 231, was a suit brought by a private citizen in the nature of an information for the forfeiture of an alien's real estate. The authority of a private citizen to bring the action was questioned and we there held that because of the State's interest in the subject of the litigation there was no right in the private citizen to maintain the action and further that such suit could not be brought by anyone except the State's Attorney. A statute there involved giving authority to any citizen to proceed by information under certain conditions was held unconstitutional.

It will be seen, therefore, that the board or some other taxing body must direct the bringing of the suit and the State's Attorney is the only proper person to bring the suit in the name of the People of the State of Illinois. We hold this to be the law even though no claim be made against the county for services rendered.

Appellant places much reliance upon the case of *People ex rel. Schreiner* v. *Courtney,* 380 Ill. 171. That was a suit by a taxpayer to recover for the People the difference between the amount realized from a tax foreclosure sale, and the total amount of the tax delinquency with interest. A foreclosure sale was had through proper and regular channels. The sale was approved by the court. The complaint charged that the owner agreed to sell to the purchaser at a certain figure; that they agreed to request the State's Attorney to bring a tax foreclosure suit and then bid the property in at a figure less than the full amount due and later redeem from the sale; that such arrangement was accomplished; that it was the duty of the State's Attorney to make investigations of values before tax foreclosure sales and to notify the county commissioners of the result of his investigation and that it was the duty of the county commissioners to investigate and to advise the State's Attorney to have the sale disapproved if the bid were not sufficient. We held there was no cause of action stated.

Our jurisdiction was questioned and in passing upon that matter we said, "If the action charged to have been committed by appellees is responsible in depriving the people of revenue which but for such action it would have collected, it is no less revenue when collected from appellee than when collected from the taxpayer. If there is a liability of appellees for taxes, it can be enforced by a taxpayer." That statement was made only in reference to the jurisdictional matter. In the case at bar the People have not been deprived of any revenue according to the allegations of the complaint. It charges that the action of the board and of the county clerk and of the sheriff are all unlawful and that the balance of the tax is still valid and collectible. That being true, no one has been deprived of revenue.

Appellant also takes the position that his suit is one to recover taxes misappropriated or misapplied, and says that taxpayers have a right to bring the suit because they are the owners of the property of a municipality and where funds have been misappropriated equity will assume jurisdiction to redress the wrong, citing many authorities to that effect. This suit, however, is not one of that nature but is one for the collection of unpaid taxes. The Revenue Act provides a system of taxing property and for the collection of those taxes. By statute the agencies for this purpose are designated. In our opinion there is no right in an individual taxpayer to bring a suit for the collection of taxes, but a suit having for its purpose such collection must be brought by the person or agency designated by statute for that purpose.

It will not be necessary to discuss the other points raised.

The judgment of the lower court will be affirmed.

*Judgment affirmed.*