(No. 33642.—

Oak Park Club, Appellant, *vs.* John B. Brenza, County Collector *et al.,* Appellees.

*Opinion filed November 30, 1955—Rehearing denied Jan. 16, 1956.*

CUMMINGS & WYMAN, of Chicago, (HAROLD ENG-STROM, HENRY F. VALLELY, and KURT W. TEUTHORN, of counsel,) for appellant.

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, VINCENT P. FLOOD, ROMAN STACHNIK, CHARLES D. SNEWIND, and WILLIAM S. WHITE, of counsel, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On motion of the defendants the superior court of Cook County dismissed the complaint of the Oak Park Club which sought to restrain the county collector and other officials from collecting taxes upon its real estate for the years 1935-1951. Plaintiff has appealed.

The Oak Park Club was incorporated in 1890 as a corporation not for profit. It owns real estate in Oak Park which is improved with a two story building. The complaint alleges that the assessor of Cook County marked the property in question exempt upon the tax rolls in each of the years from 1935 through 1951, and that his action was certified to by the board of appeals and was also duly approved by the Department of Revenue "in each and every year that approval by the Department was so required by statute." In October of 1953 steps were taken to back tax the property for the years 1935 through 1951. The objections of the plaintiff were overruled by the assessor and the board of appeals, and tax bills were issued for each of the years in question.

The motion to dismiss was based upon the ground that the taxes for the years 1935-1951 were properly assessed under the statute authorizing the assessment of omitted property. (Ill. Rev. Stat. 1953, chap. 120, par. 701.) It also relied upon *res judicata,* and asserted that this court, in *Oak Park Club* v. *Lindheimer,* 369 Ill. 462, had deter-

mined that the plaintiff's property was not exempt from taxation.

In this court the plaintiff contends that the administrative determinations of the exempt status of the property, which the complaint alleges were duly made, can not in later years be reviewed by the successors in office of the taxing officials who made those determinations. In support of that contention it relies upon *People ex rel. Harding* v. *Atwater*, 362 Ill. 546. There the taxpayer owned property which was involved in proceedings looking toward its acquisition for street purposes. The board of assessors marked the property "Exempt St." for 1927 and 1928. The board of review assessed it for 1928 and also assessed back taxes for 1927 as omitted property. The taxpayer contended that the board of review lacked authority to levy the back tax for 1927. Concerning this contention the court said: "The appellee does not contend that the 1927 exemption was fraudulent, and the appellant does not contend that her property was legally exempt from taxation. The finding of the board of assessors and of the board of review in 1927 that it was exempt, was merely erroneous. This action of the board of review was judicial in character, * * *. Therefore, in 1928 the board of review attempted without authority to review the action of the two boards in 1927. It was without such power and the appellant's objection to the 1927 taxes on this lot should have been sustained."

The defendants contend that the judgment of this court in *Oak Park Club* v. *Lindheimer* conclusively adjudicated that plaintiff's property was not exempt, and that in the assessment of taxes for subsequent years that judgment was binding on both the plaintiff and the assessor. They argue that the decision in that case eliminated any necessity for the exercise of "judicial" discretion on the question of the exemption of the plaintiff's property.

In our opinion the effect of the judgment in the earlier

case is not so sweeping. That case was decided in 1938, and it determined that the property of the Oak Park Club was not exempt from taxation for the years 1930-1934. "It is well settled that a cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years." (*People ex rel. Lloyd* v. *University of Illinois*, 357 Ill. 369, 372.) Where a second action between the same parties is upon a different claim or demand, the former judgment operates as an estoppel only as to those matters actually raised and decided in the earlier case. (*People ex rel. Harding* v. *Hart*, 332 Ill. 467; Restatement of the Law of Judgments, pp. 158, 159, introductory note to chap. 3.) The decision in *Oak Park Club* v. *Lindheimer*, 369 Ill. 462, is therefore binding upon the parties with respect to those activities of the club which were before the court upon the record in that case and with respect to the legal contentions based upon those activities. Neither the existence nor the legal effect of other activities was adjudicated.

The complaint clearly attempts to allege that the steps prescribed by statute were taken by the taxing officials with respect to the determination of the taxable status of the property for 1935 and subsequent years. In our opinion it states the essential elements of a cause of action. The defendants' motion should have been overruled, and the plaintiff should have been allowed an opportunity to prove actual compliance with the applicable statutes. The judgment of the superior court must therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*