(No. 33931.—▮▮▮▮▮▮▮▮▮▮▮)

CHICAGO HISTORICAL SOCIETY, Appellee, *vs.* HERBERT C. PASCHEN, County Collector, *et al.,* Appellants.

*Opinion filed September 25, 1956—Rehearing denied Nov 19, 1956.*

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, VINCENT P. FLOOD, CHARLES D. SNEWIND, and WILLIAM SYLVESTER WHITE, of counsel,) for appellants.

KING, ROBIN, GALE & PILLINGER, of Chicago, (GEORGE W. GALE, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Chicago Historical Society brought this action to restrain the county of Cook and its officials from collecting taxes for the years 1947 through 1954 which had been assessed against four parcels of real estate owned by the

Society. The complaint alleged that in an earlier action in the same court an injunction had been issued to restrain the collection of 1945 taxes upon the same properties, "and that said decree is *res judicata* of the fact that said real estate is, and so long as the plaintiff continues to own it will continue to be, exempt from all real estate taxes."

The answer set out the act of 1857 which incorporated the Society and the amendment of 1867 which authorized it to mortgage its real estate and provided that "the real estate and property of said society shall be exempt from taxation." The answer alleged the circumstances under which the Society acquired title to the real estate in question in 1941. It also contained allegations as to the early history of the Society designed to show that the exemption was intended to apply only to the real estate owned and actually used by the Society in 1867, and not to real estate subsequently acquired and held for income production, like that here involved. The answer also alleged that the amendment of 1867 was invalid because it violated the constitution of 1848 and that it was repealed by the constitution of 1870 and subsequent legislation.

The answer denied that the issues raised in the present case were presented in the earlier case, and alleged that the issues now raised have not been adjudicated. The Society moved for judgment on the pleadings. Its motion was allowed, a decree for the plaintiff was entered, and the defendants appeal.

The case turns on the effect to be given to the prior decree which found these properties exempt from taxation. The trial court held that it was conclusive as to the exempt status of the property, and in this we think it erred.

To sustain the decree plaintiffs rely on *People ex rel. Carr* v. *Psi Upsilon Fraternity*, 324 Ill. 540. There the county court of Cook County held a fraternity house exempt from taxation for the years 1923 and 1924. Those judgments were not reviewed. Later the question of the taxa-

bility of the same property came before this court in connection with taxes for the year 1925, and it was held that the county court's judgment was conclusive as to the tax exempt status of the property, in the absence of a change in ownership or use. (Cf. *Oak Park Club* v. *Brenza*, 7 Ill.2d 389.) Parenthetically, it may be noted that when the question of the taxability of fraternity houses finally came before this court on the merits in *People ex rel. Carr* v. *Phi Kappa Sigma*, 326 Ill. 573, they were held taxable. But *res judicata* was nevertheless considered effective to preserve an anomalous tax exempt status for one fraternity house. See *People ex rel. Harding* v. *Psi Upsilon Fraternity*, 335 Ill. 317.

We are not here called upon to review the soundness of the rulings in the *Psi Upsilon cases*. In those cases there was no suggestion that the issues in the later cases differed significantly from those in the first case. Here the contention is that the issues in the present case were not raised in the earlier one. Because "a cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years," (*People ex rel. Lloyd* v. *University of Illinois*, 357 Ill. 369,) a former judgment as to the tax exempt status of property can at most be binding only as to those questions which were raised and determined. It does not control those issues which might have been raised, but were not. The distinction is the familiar one between *res judicata* on the one hand, and collateral estoppel, or as it is sometimes called, estoppel by verdict, on the other. *People ex rel. Lloyd* v. *University of Illinois*, 357 Ill. 369; *People ex rel. Adams* v. *McKibben*, 377 Ill. 22; *People ex rel. Oller* v. *Missouri Pacific Railroad Co.* 388 Ill. 271; *Oak Park Club* v. *Brenza*, 7 Ill.2d 389.

In this case the defendants assert that the issues tendered by their answer were not litigated in the earlier case. Neither in the trial court nor in this court has the plaintiff

attempted to show that the issues raised by the defendants' present answer were involved in the former case. Instead it has taken the position that it is entitled to a decree in its favor so long as the ownership and the use of the property are unchanged. That position is unsound.

The burden is upon the party who relies upon *res judicata* or collateral estoppel to establish its applicability. (*Charles E. Harding Co.* v. *Harding,* 352 Ill. 417; *City of of Geneseo* v. *Illinois Northern Utilities Co.* 378 Ill. 506.) Plaintiff made no effort to satisfy that burden by showing that the issues now sought to be raised were presented and determined in the earlier case. Before the case could be ripe for decision it was necessary that the scope of the prior judgment be ascertained, and that any new issues be heard and determined. It was therefore error to enter a decree for the plaintiff on the pleadings. The decree must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*