RICHARD L. HOFFMAN, Plaintiff-Appellant, v. NORTHWESTERN
UNIVERSITY et al., Defendants-Appellees.

First District (1st Division)    No. 61142

Opinion filed August 2, 1976.

Richard L. Hoffman, of Evanston, *pro se*, and Paul Gendel, of Chicago (Harry R. Booth, of counsel), for appellant.

Devoe, Shadur & Krupp, of Chicago (Neil H. Adelman and Arthur W. Friedman, of counsel), for appellee Lake Forest College.

Keith F. Bode, Robert A. Flynn, and Robert C. Keck, Jr., all of Chicago (Jenner & Block, of counsel), for appellees Nabisco, Inc., and Pepsi-Cola General Bottlers, Inc.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Donald P. Smith, Assistant State's Attorneys, of counsel), for appellees Patrick J. Cullerton *et al.*

Mr. JUSTICE BURKE delivered the opinion of the court:

Richard L. Hoffman in his capacity as a taxpayer filed a complaint seeking declaratory, injunctive and mandatory relief against certain public officials concerned with the collection of real estate taxes in Cook County and against certain publicly chartered universities and their lessees. The plaintiff alleged that certain properties leased by the universities to the business firms have been improperly exempted from paying real estate taxes because of the universities' tax exempt status despite the fact that the properties are being used by the lessees for commercial purposes. After the plaintiff had been allowed to replead several times, the court dismissed his second and third counts requesting injunctive and mandatory relief because the court found that they constituted an improper attempt by a private citizen to collect taxes. The court allowed the plaintiff to replead count I dealing with declaratory relief. Subsequently the court dismissed this count on defendants' motion

that the matter had now become moot because the public officials were now taxing these properties. The plaintiff appeals from the dismissal of all three counts and the denial of his motion for summary judgment. Plaintiff contends: (1) that the dismissal of counts II and III was improper because they did not constitute an effort to collect taxes; (2) that count I was improperly dismissed because the matter was not moot and the Civil Practice Act does not include mootness as a ground for a motion to dismiss; and (3) that the court should have granted the plaintiff's motion for summary judgment.

The plaintiff, a taxpayer, filed his original complaint on June 19, 1969. The defendants included three business firms, three universities and three public officials. The business firms were National Biscuit Company, Pepsi-Cola General Bottlers, Inc., and Lyon & Healy, Inc., who were lessees of Northwestern University and Lake Forest College. The three university defendants, Northwestern University, Lake Forest College and Garrett Biblical Institute, all hold State charters which exempt real estate they own from taxation. The three public officials are the Cook County assessor, the Cook County clerk whose duty it is to determine and extend the tax rates to property within the county, and the county treasurer and ex-officio county collector of the county. During the pendency of this suit in the circuit court of Cook County, the plaintiff filed three amended complaints in addition to his original complaint. The substance of the allegations in all the complaints was that the defendant universities, whose State charters had exempted their properties from taxation, had entered into agreements with the defendant business firms whereby the universities would hold title to certain real property and lease it to the business firms, thereby avoiding real estate taxes on the properties. The public official defendants, plaintiff alleged, then exempted the properties from real estate taxes for certain years through 1969. The complaint alleged that the State charters granted the defendant universities did not legally exempt their property from taxes under circumstances where the properties were leased to others who used them for commercial purposes.

While the original complaint was pending, the plaintiff filed an amended complaint which the court struck. The court directed the plaintiff to plead over. On March 24, 1971, the plaintiff filed a second amended complaint of three counts: I for a declaratory judgment, II for injunctive relief, and III for mandatory relief. The allegations in each count repeated the allegations concerning the leasing arrangements between the university and commercial defendants and that the public officials had exempted the properties from taxation through January 1, 1969. Count I asked that the court enter a declaratory judgment "compelling the defendants Assessor, Clerk and Collector to assess, extend, backtax and collect real estate taxes for the periods during which

such taxes have not been paid, and compelling the defendant-lessees herein to pay such real estate taxes." Count II included a prayer to declare that such leasing arrangements were against public policy and determine whether they constituted a deliberate evasion of the payment of real estate taxes and to enjoin the university and commercial defendants from renewing or entering into any new arrangements of this type. Count III asked that the court grant a writ of mandamus commanding the public official defendants to "assess, extend, back tax, levy and collect real estate taxes and penalties for the periods during which such taxes have not been levied or collected" as set forth in count III. The defendants filed motions to dismiss the second amended complaint on a number of grounds including the contention that the plaintiff lacked standing to bring this suit because it was by a private citizen to collect taxes. The court, in an order entered August 4, 1972, dismissed counts II and III of the complaint and struck count I with leave to "submit a further amended complaint which seeks only declaratory relief with respect to whether and to what extent the parties * * * are subject to taxation on property leased from tax exempt institutions." At the same time the public official defendants filed a counterclaim against the university and commercial defendants seeking a declaratory judgment that the property as leased was not exempt from property taxation. This counterclaim was later voluntarily dismissed.

On September 11, 1972, the plaintiff filed a third amended complaint with a single count seeking a declaratory judgment. The allegations concerning the leasing agreement and tax exemptions were substantially the same as in the prior complaints. The plaintiff's prayer for relief asked that the court:

> "Issue a Declaratory Judgment declaring and adjudicating the rights of the plaintiff; the rights and duties of the defendants Assessor, Clerk and Collector to assess, extend, backtax and collect real estate taxes for the period during which such taxes have not been paid; the duties of the defendant-lessees herein to pay such real estate taxes; and further a finding that all other commercial lessees of Northwestern University, Lake Forest University and Garrett Biblical Institute who have not been assessed and taxed are liable for real estate taxation pursuant to Sec. 26 of Chapter 120 of the Illinois Revised Statutes."

Subsequently, the defendants filed motions to dismiss the complaint contending that the matter was now moot and attached an affidavit of a Deputy Cook County Assessor. The affidavit stated that the properties which were the subject of the suit were being assessed for the year 1973 and that assessments for the years 1970, 1971 and 1972 were being instituted. An affidavit of one of the attorneys for several of the lessee-lessor defendants stated that his clients were in the process of being

assessed for the 1973 taxes and back taxed for "years prior to 1973." On June 4, 1974, the court then entered an order dismissing the third amended complaint, stating that it appeared to the court "that the matters sought to be litigated are moot and that there is no existing justiciable controversy." Three weeks later the court denied the plaintiff's motion to vacate the dismissal and to enter a summary judgment for the plaintiff.

■■ The plaintiff contends that the court erred in its order of August 4, 1972, in dismissing counts II and III. The defendants respond that the court was correct in dismissing these counts because they constituted a suit by a private citizen to collect taxes. It is the law in Illinois that a private citizen may not maintain a suit for the collection of taxes. (*People ex rel. Morse v. Chambliss*, 399 Ill. 151, 77 N.E.2d 191; *Romain v. Fink*, 5 Ill. App. 2d 323, 125 N.E.2d 298.) In *Morse*, a private citizen and taxpayer had brought a suit on behalf of himself and other "similarly situated" taxpayers for an accounting of the taxes due on the property of defendant Chambliss and for foreclosure of the tax lien on that property. The trial court dismissed the suit upon the ground that a private individual had no authority to bring a suit to foreclose a tax lien. Before the Illinois Supreme Court the plaintiff contended that his suit was not to enforce a tax lien, but primarily to force an accounting of the taxes due on the defendant's property. The court rejected this contention and stated that the suit was for the collection of taxes. The court said:

> "The Revenue Act provides a system of taxing property and for the collection of those taxes. By statute the agencies for this purpose are designated. In our opinion there is no right in an individual taxpayer to bring a suit for the collection of taxes, but a suit having for its purpose such collection must be brought by the person or agency designated by statute for that purpose." (399 Ill. 151, 158, 77 N.E.2d 191, 195.)

In another case where a private taxpayer sought to foreclose a tax lien, this court held that suits which amount to "indirect collection of taxes" by private citizens are denied by Illinois courts. *Romain v. Fink*, 5 Ill. App. 2d 323, 326, 125 N.E.2d 298, 299.

We are of the opinion that the relief asked in counts II and III of the plaintiff's second amended complaint is in substance a suit to collect real estate taxes. Count III asked that the court command the public officials to "assess, extend, back tax, levy and collect real estate taxes" upon the other defendants' properties. That this count's purpose is to collect taxes is clear. Count II asked that the court determine whether the leasing arrangements of the university and commercial defendants were a deliberate evasion of the payment of real estate taxes, declare the leasing arrangements against public policy and enjoin the defendants from renewing or entering into any similar arrangements. This count is

designed to force the lessor-lessee defendants to pay real estate taxes on the property by removing what the plaintiff alleges are invalid tax shelters.

■■ We find that the cases plaintiff cites to support his contention that he has standing are inapposite. *Hamer v. Mahin*, 47 Ill. 2d 252, 265 N.E.2d 151, held that a taxpayer could bring a suit to require the Director of Revenue for the State of Illinois to equalize and assess all taxable property at its full, fair cash value throughout the State as required by statute. *Hamer* did not deal with the collection of taxes on any particular property, but dealt with the proper procedure for assessing property throughout the State affecting all property owners. *People ex rel. Schreiner v. Courtney*, 380 Ill. 171, 43 N.E.2d 982, only discussed taxpayer suits in relation to whether the Supreme Court of Illinois had direct appellate jurisdiction in revenue cases and this distinction was pointed out by the supreme court in *Morse*. We are of the opinion that in the instant case the court's dismissal of counts II and III of the second amended complaint was proper because these counts constituted a suit by a private citizen to collect taxes.

■■ Plaintiff also contends that the court erred in dismissing his third amended complaint which contained a single count asking for a judgment declaring the public officials' duties to tax the properties and the lessor-lessee defendants' duties to pay taxes on the properties. The defendants contend that the court's dismissal of this count was proper because the third amended complaint was an attempt to collect taxes, that the public officials were barred by law from collecting taxes for the years in question since the property ruled exempt from taxes for years past may not be back taxed, and that the effect a declaratory judgment might have on future years is moot because the public officials are now in the process of assessing and taxing those properties. The court emphasized that the question was now moot and lacked a justiciable controversy. However, an appellee may raise any point in support of a judgment on appeal, even though the trial court did not directly rule on it, if that point has a factual basis in the trial record. *Shaw v. Lorenz*, 42 Ill. 2d 246, 246 N.E.2d 285; *Ingram v. License Appeal Com.*, 131 Ill. App. 2d 218, 268 N.E.2d 469.

■■ Concerning the defendants' first contention, that the declaratory judgment plaintiff asks is an improper attempt to collect taxes, there have been several cases dealing with declaratory judgments in tax collection or assessment cases. These cases dealt with taxpayer suits which sought declaratory relief declaring certain assessments or assessing procedures invalid and were often coupled with requests for injunctive relief. The Illinois Supreme Court stated in *La Salle National Bank v. County of Cook*, 57 Ill. 2d 318, 322, 312 N.E.2d 252, 254:

"In such cases relief should not be afforded by way of declaratory

judgment in cases which would not have merited relief by way of injunction. [Citations.] Therefore, the same principles which we hereafter hold prohibit the granting of an injunction in this case likewise prohibit granting declaratory relief."

(See also *People ex rel. Hamer v. Jones*, 39 Ill. 2d 360, 235 N.E.2d 589; *O'Fallon Development Co. v. Ring*, 37 Ill. 2d 84, 224 N.E.2d 782; *Goodyear Rubber Co. v. Tierney*, 411 Ill. 421, 104 N.E.2d 222.) Plaintiff argues that these cases only stand for the proposition that taxpayers must follow the statutory procedures of paying their taxes under protest and then objecting to the assessment in administrative proceedings, rather than bringing injunctive or declaratory actions in the courts. Plaintiff contends that these cases do not establish that declaratory relief in tax assessment disputes will not be allowed should injunctive relief be barred. The plaintiff's contention ignores *People ex rel. Hamer v. Jones*, 39 Ill. 2d 360, 235 N.E.2d 589. In *Hamer* a taxpayer brought a class action to compel certain public officials to assess and equalize all property throughout the State of Illinois at its full, fair cash value. The suit was not limited to the taxpayer's own taxes, and whether or not the taxpayer had paid his taxes under protest and followed his administrative remedies was not at issue. The court found injunctive relief there inappropriate, holding that the mandatory injunction the plaintiff there sought would not lie to correct past wrongs and could not be issued to correct future wrongs because there was no charge that such future wrongs would be committed. The court found that the count requesting declaratory relief had been properly dismissed noting that declaratory relief should not be afforded in any tax case which would not merit injunctive relief. We are of the opinion that if injunctive relief to compel tax officials to perform certain duties be barred by law, declaratory relief to declare it their duty to perform the same functions should be barred. The third amended complaint seeking a declaratory judgment was improper because it sought to declare duties which it could not enforce by injunctive or mandatory relief, and its dismissal should be upheld for this reason.

■■ We are also of the opinion that the dismissal of the third amended complaint should be upheld because it seems to back tax property for prior years during which the property had been found exempt from taxes. The third amended complaint is limited to 1969 and prior years and alleges that each of the five parcels of property had been found exempt during these years. The Illinois Supreme Court has held that property may not be reassessed and back taxed for years in which it had been ruled exempt from taxes. Such back taxing is allowed only if the property had been "omitted" from the assessment and taxing process for those years. (*People ex rel. Harding v. Atwater*, 362 Ill. 546, 1 N.E.2d 46; *Oak Park Club v. Brenza*, 7 Ill. 2d 389, 131 N.E.2d 89.) The public officials therefore

have neither the power nor the duty to tax these properties for the years in question, and the lessor-lessee defendants would have no duty to pay the claimed back taxes. The relief sought by the third amended complaint cannot be granted and this provides a second ground for upholding that complaint's dismissal. The plaintiff's argument that it is unclear whether the property had been "exempted" from taxes or "omitted" from the taxing process cannot be maintained for his own pleading alleges that the properties had been exempted from taxes for the years in question and were so marked on the tax rolls.

The plaintiff's argument that if past wrongs cannot be remedied by the collection of back taxes, a declaratory judgment will provide prospective relief to settle the question of whether the taxing officials have a duty to tax these properties is now moot. The defendants attached an affidavit to their motion to dismiss stating that these properties are now being taxed, and the plaintiff did not dispute this assertion. If what the plaintiff seeks is to require the public officials to tax the property, this is now being done. A declaratory judgment may not issue unless there is an actual controversy (*Gouker v. Winnebago County Board of Supervisors*, 37 Ill. 2d 473, 228 N.E.2d 881; *Exchange National Bank v. County of Cook*, 6 Ill. 2d 419, 129 N.E.2d 1) and where there is not a substantial controversy of sufficient immediacy the suit should be dismissed (*Wood v. School District No. 65*, 18 Ill. App. 3d 33, 309 N.E.2d 408).

■■■ Plaintiff argues that under the Civil Practice Act mootness is not a ground under which a party may bring a motion to dismiss. Section 48(i) of the Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(i)) states that a defendant may file a motion to dismiss if "the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand." Plaintiff contends that the defendants' motion to dismiss does not contain any "new affirmative matter." Plaintiff argues that defendants' motion and affidavit only take issue with the plaintiff's allegation that the public officials are not taxing the property, thereby creating a question of fact. This is not correct for plaintiff's pleading only deals with 1969 and prior years, as the plaintiff has emphasized in this case; while the defendants' motion to dismiss and the attached affidavit only deals with 1970 and subsequent years. There is no question of fact raised. The plaintiff did not dispute before the trial court the defendants' allegation which was supported by an affidavit. We are of the opinion that the plaintiff's third amended complaint was properly dismissed.

It is unnecessary to consider the plaintiff's contention that his motion for summary judgment, filed after the case was dismissed, should have been granted. (*Wheeler v. Aetna Casualty & Surety Co.*, 57 Ill. 2d 184, 311 N.E.2d 134.) As we have found that the case was properly dismissed, this

issue is not reached. Our opinion does not determine the validity of the public officials' counterclaim against the lessor-lessee defendants, for which the court had granted a voluntary dismissal.

The orders dismissing the second and third amended complaints, and denying the plaintiff's motion to vacate the dismissal and to enter a summary judgment for plaintiff are affirmed.

Orders affirmed.

GOLDBERG, P. J., and SIMON, J., concur.