THE PEOPLE *ex rel.* McCullough, Auditor of Public Accounts, Appellant, *vs.* THE LADIES OF LORETTO, Appellee.

*Opinion filed October 28, 1910.*

TAXES—*lien for taxes on April 1 is not removed by subsequent transfer to educational corporation.*   The lien of the State for real estate taxes in any year accrues on the first day of April of that year, and the fact that the property is subsequently conveyed by warranty deed does not remove the lien or discharge the obligation to pay the taxes, even though the property is to be devoted by the grantee to such purposes as may bring it within the law entitling it to future exemption from taxation.

246—26

AUDITOR's certificate of appeal to review decision of board of review of Cook county.

W. H. STEAD, Attorney General, and CHARLES E. WOODWARD, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Ladies of Loretto, a corporation organized under the laws of this State for religious, educational and benevolent objects, presented its petition, verified by Sarah O. Dwyer, mother superior and acting president of the corporation, to the board of review of Cook county, alleging that lots 52 to 58, inclusive, of South Park addition to Chicago, a subdivision of the south 441 feet of the north 1490 feet of that part lying east of the Illinois Central railroad, of the north-east quarter of section 23, township 38, north, range 14, east of the third principal meridian, in Cook county, was used by and for said corporation for said objects, and that no part of said property was leased or otherwise used with a view to profit, and praying said board to declare the said property exempt from taxation for the taxes of the year 1909. The petition was heard by the board of review on July 23, 1909, and the board decided that the property was exempt from taxation and entered an order as prayed for.

The facts shown by the evidence are as follows: The Ladies of Loretto is a corporation not for pecuniary profit, organized under the laws of this State, and its objects and powers are to found, organize, establish and maintain communities, sometimes called "Houses of the Ladies of Loretto," for educational and charitable purposes; to found, maintain and carry on institutions of learning and to carry on the educational work of the Institute of the Blessed Virgin Mary, and to establish, maintain and carry on boarding

schools and day schools, and to promote christian morals and benevolence. The corporation directs and controls the Ladies of Loretto Convent, an institution of learning situated at No. 266 East Sixty-fifth street, in Chicago. On June 22, 1909, the corporation acquired, by warranty deed, title in fee simple to the lots in question for the purposes and objects for which the order was organized. The lots adjoin the convent building and are within the same enclosure, and are used as a playground, and no part is leased or otherwise used with a view to profit.

Several objections to the sufficiency of the evidence to bring the property within the law exempting property from taxation were presented by the Auditor to the board of review and certified to this court, but inasmuch as there is a fatal objection to the petition regardless of the evidence, the other objections will not be considered. The corporation was not the owner of the lots in question on the first day of April, 1909, but acquired the same by warranty deed on June 22, 1909. The lien of the State for taxes of the year 1909 attached to the property on the first day of April of that year when it was subject to taxation, and being charged with the lien it was not relieved therefrom by the fact that the corporation acquired title afterward. If the property was afterward devoted to religious or educational purposes that fact did not remove the lien or discharge the obligation. *People* v. *St. Francis Academy*, 233 Ill. 26.

The board of review of Cook county erred in granting the prayer of the petition and declaring the property exempt from taxation for the year 1909, and its order is reversed.                              *Order reversed.*