# CASES.

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE PEOPLE *ex rel.* James S. McCullough, Auditor, Appellant, *vs.* THE LOGAN SQUARE PRESBYTERIAN CHURCH, Appellee.

*Opinion filed February 25, 1911.*

1. TAXES—*statute in force on the first day of April determines status of property.* In determining whether certain property is exempt from taxation the statute in force on the first day of April must control even though the petition is not considered by the board of review until after July 1, when a new law went into effect, as the lien for taxes attaches to real estate the first day of April.

2. SAME—*church corporation having a bond for a deed cannot claim property is exempt from taxation.* Under the Revenue law as it stood on April 1, 1909, a religious corporation having at that time only a bond for a deed is not entitled to claim that the property is exempt from taxation, as to sustain such claim the title must be in the corporation on or before the first day of April.

3. SAME—*when petition does not sufficiently show the use of property.* Under the Revenue law as it stood on April 1, 1909, exempting from taxation "church property actually and exclusively used for public worship," etc., a petition which states merely that the property sought to be exempted is used for "church purposes" is not sufficient to bring the property within the statute.

AUDITOR'S certificate of appeal to review decision of Board of Review of Cook county.

W. H. STEAD, Attorney General, and CHARLES E. WOODWARD, for appellant.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Logan Square Presbyterian Church of the city of Chicago presented its petition to the board of review of Cook county, verified by the pastor and two members of the board of trustees, in which it represented that it was a corporation duly organized and existing under the laws of the State of Illinois and is a corporation not for pecuniary profit; that it holds a contract for deed to lots 42, 43, 44 and 45 in S. S. Kimbell's subdivision of lot 9 in Kimbell's subdivision of the east half of the south-west quarter of the west half of the south-east quarter of section 26, township 40, north, range 13, east of the third principal meridian, (except twenty-five acres in the north-east corner thereof,) in Cook county, Illinois, and will by the terms of said contract be entitled to a deed in fee simple to the premises upon the payment in full of a certain amount of money in said contract specified, a part of which sum has already been paid; that petitioner is now, and for the space of a year prior to the filing of the petition has been, in possession of the premises, which are used for "church purposes;" that the premises should be exempt from taxation as church property under the statute, and prays that the board of review find and direct that the said premises be exempt from taxation. The petition was heard by the board of review on July 23, 1909, and the board decided that the property was exempt from taxation and entered an order accordingly. No evidence was taken, the order being entered upon the petition alone. The case has been certified to this court, under the statute, by the Auditor of Public Accounts. Petitioner has filed no brief, so we are not advised as to what its contentions are.

The status of this property must be determined in reference to the statute in force on April 1, 1909, as that is

the date upon which the lien for taxes attached to the real estate. The act in force at that time provided that "all church property actually and exclusively used for public worship, * * * when the said buildings and the land on which said buildings are located (said land to be of reasonable size for the locatio· of said buildings) are owned by the congregation * * * and not used for pecuniary profit," shall be exempt from taxation. (Hurd's Stat. 1908, chap. 120, sec. 2, clause 2.) It is clear under the allegations of this petition that the premises therein described did not come within this exemption. The petition does not disclose whether this property was actually and exclusively used for public worship, unless we accept the allegation that the premises were used for "church purposes" as conveying that meaning. But aside from the question whether the petition was sufficient in this respect, it is clearly disclosed that the petitioner was not the owner of the premises. Under that statute a religious corporation holding a contract ·for a deed, merely, could not claim its property as exempt. In order to be exempt title must be in the corporation on or before April 1, the date on which the lien for taxes attaches for the ensuing year. (*People* v. *St. Francis Academy,* 233 Ill. 26; *People* v. *Ladies of Loretto,* 246 id. 403.) The amendment of 1909 of said section 2 of the Revenue act could not affect the taxes for the year 1909, as that amendment was not retrospective and did not become effective until July 1 of that year, whereas the lien for the taxes attached to this realty on April 1 preceding.

The board of review of Cook county erred in granting the prayer of the petition and ordering the property exempt from taxation for the year 1909, and its order is reversed.

*Order reversed.*