Davis *et al. v.* City of Biloxi.

(Division B.   Oct. 24, 1938.)

[184 So. 76.   No. 33357.]

Howie, Howie & McGowan, of Jackson, for appellants.

342

White & Morse, of Gulfport, for appellants.

**J. D. Stennis, Jr.**, and **W. L. Guice**, both of Biloxi, for appellee.

Argued orally by **M. M. McGowan**, for appellant and by **J. D. Stennis** and **W. L. Guice**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

On September 18, 1933, Lots 1, 2 and 3 of Block 2,

Miramar Subdivision in the city of Biloxi, Mississippi, were sold by the sheriff and tax collector of Harrison county to the State of Mississippi for unpaid taxes for the year 1932. On September 19, 1936, the period of redemption having expired, the state patented the land to Margie Edwards, who on October 8, 1936, conveyed the land to D. M. and J. H. White. Britt Davis, an auctioneer, was scheduled to auction lands in Harrison county on August 30, 1937, including the land here involved. The city applied for, and obtained, an injunction against Davis, Edwards and D. M. and J. H. White, enjoining the sale, the city claiming that on July 8, 1931, Harriet Sayre Keeney and Albert F. Keeney conveyed the lands to the city for school purposes. The deed of Keeney was not of record in 1933, and the record showed that the lands were then owned by one Glenn R. Charles on the date of the assessment and sale. It was shown that the school trustees accepted the land which was given by the Keeneys to the City of Biloxi for school purposes, and that the Keeneys made a deed to the city; but that this deed was not placed of record at the time the sale was made for the taxes.

The contention of the city in this case is that although when the lands were assessed for taxes in 1931 and 1932, and the lien accrued as against private persons on the first day of January, 1932, that the lien for taxes ceased to exist when it was conveyed to the city in 1932, before the sale for taxes was made, the deed from the Keeneys to the city being dated August 19, 1932.

The city relies upon the case of the City of Laurel v. Weems, 100 Miss. 335, 56 So. 451, Ann. Cas. 1914A, 159, in which the Court held that although the taxes had been assessed to, and accrued on, the property in the hands of the private owner before the city acquired title when the city acquired title, prior to the sale of the land for taxes, the tax lien was discharged by reason of the acquisition of title by the city; that the property being exempt from taxes when owned by the city, the exemp-

tion in favor of the city being made because of the public use of the property, and in furtherance of the public policy, displaced the tax lien which had accrued against the private owner and the property in the hands of such owner. In the course of this opinion the Court said ''The exemption of the property of a municipality is founded on the fact that the municipality is a governmental agency of the state, vested by the state with a part of its sovereignty, and employed in aiding the state in matters of government and the execution of its laws. It is undisputed law that the general rule is that statutes granting exemptions from taxation must be strictly construed, and must not be extended beyond what the terms clearly express; but this rule of construction has no application to the property of the state, county, or municipality when it is sought to collect a tax on the property of either, or to take away their property because of a failure to pay the tax claimed, followed by a sale of same on account of the delinquency. The rule of strict construction of the statute may apply to religious and charitable institutions, and to all subjects of exemption save those belonging to a governmental agency of the state.'' The Court ruled that there was a distinction between the case then before it and the case of McHenry Baptist Church v. McNeal, 86 Miss. 22, 38 So. 195, and held that a tax sale, made after the city had acquired title, was void, and that the purchaser at the tax sale secured no title.

In the case of Alvis et al. v. Hicks, 150 Miss. 306, 116 So. 612, where the title of the municipality arose through its tax sale which had matured when the property was sold by the sheriff and tax collector for county and state taxes, the Court reaffirmed the doctrine that when the city had acquired title before the sale for taxes was made, the acquirement of the title by the city extinguished the assessment, and the purchaser at such tax sale secured no title as against the city. It was held in that case that it made no difference whether the proper-

ty was acquired by the city for governmental purposes, or in its proprietary capacity—that the property of the city was exempt from taxation under the law; and re-approved the case of City of Laurel v. Weems, supra.

The city also relied upon the case of City of Meridian v. Phillips, 65 Miss. 362, 4 So. 119, where the city had purchased a tract of land and erected thereon a pest-house, the land was assessed to the city, and approved by the board of supervisors without objection, and the land sold to the state for taxes claimed to be due thereon. The Court held in favor of the city, and in the course of its opinion said: ''The judgment of the court below cannot be maintained. It is not disputed that the property in controversy belonged to appellant when it was attempted to be sold for taxes. Section 468 of the Code exempts from taxation, among other things, property belonging to the United States, or to the state, or to any county, or to any incorporated city or town in the state. Liability of property to taxation is the basis of the power to sell it for taxes; and, where property is exempt by law from taxation, it cannot be subjected thereto by any action of the board of supervisors, or the officers charged with the assessment and collection of taxes, and a sale of it for taxes under such circumstances is void'' (citing cases).

It is argued here that the basis of distinction between the present case and the cases referred to is that the purchaser acquired his title in ignorance of the acquirement of title by the city, and that the city's claim of title had not been placed of record at the time of the sale and the property was subject to taxes on the first of January, 1932, and was thereafter assessed to the then owner, and that the rule should not be extended beyond the facts in the decision referred to, and that to now hold that the city's purchase extinguished the title, or the assessment of the property, would be to extend the decisions beyond what has heretofore been held.

We do not think that the record of the title of the city

cuts any figure in the matter. The city had title when it procured its deed, and the property then became exempt from taxation under the cases referred to. The failure to put the deed on record, so far as the tax title is concerned, is, in our opinion, of no consequence. It turns upon the question of ownership, and the title of the city was complete without such recording. The purpose of the record is merely to give notice to subsequent purchasers or encumbrancers of the property, and we do not think this applies to the tax sale proceedings, and the validity of the assessment. Under the cases cited, the acquirement of title by the city extinguished the assessment, and thereafter it had no force or validity, so far as tax proceedings were concerned.

The court below held in accordance with these views, and its judgment is affirmed.

Affirmed.