(No. 26245.—

THE CITY OF CHICAGO *vs.* WILLIAM H. MCCAUSLAND *et al.*
—(ZELDON A. PARKHURST *et al.* Appellants, *vs.* JOHN
TOMAN, County Treasurer, Appellee.)

*Opinion filed May 13, 1942.*

Enoch J. Price, and Owen N. Price, for appellants.

Thomas J. Courtney, State's Attorney, (Jacob Shamberg, Marshall V. Kearney, Neal J. McAuliffe, and Joseph Burke, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

On February 17, 1926, the city of Chicago filed a petition under the provisions of an act concerning local improvements to ascertain the just compensation to be paid for taking certain parcels of land owned by Henry G. Wells, together with other real estate, for the purpose of opening and widening a street in the city of Chicago, and to ascertain what property would be benefited by such improvement. The verified report of the commissioners appointed by the court to investigate and report the amount of just compensation was filed May 26, 1926, and upon said cause being tried the court found the amount of just compensation to be paid to the property owners on January 30, 1928. The cause was continued from time to time pending other proceedings, to ascertain the just compensation and benefits to other parts of the land along the line of said improvement until June 30, 1929, when the final judgment was entered fixing just compensation for the Wells property.

The general taxes for the years 1927, 1928 and 1929 were levied and assessed against the Wells lots. January 27, 1936, the amount found to be just compensation was deposited with the county treasurer. In the meantime Wells had died, and appellants were appointed as executors of his estate and acting as such. The county treasurer refused

to pay the full amount deposited as just compensation, but contended the unpaid taxes for said mentioned lots should be deducted from said awards and paid to him as county collector. By stipulation $1525 was retained until the rights of the county treasurer and appellants could be determined.

The county treasurer claimed, and the order of the superior court found, it was the duty of appellants to pay the taxes for said years 1927, 1928 and 1929, and the duty of the county treasurer to retain sufficient of said money for said purpose, and, in accordance with his claim, they were a deductible lien from the awards on deposit in his office. The cause was appealed to the Appellate court and affirmed, and an appeal to this court allowed.

The narrow question to be decided is whether a lien of the taxes upon real estate, which had accrued after the date upon which just compensation is fixed and awarded, can be transferred to the amount paid to the county treasurer as just compensation. Under the law the value of property taken under the Local Improvement act is fixed as of the date on which the reports of the commissioners are filed fixing such compensation. Local Improvement act, section 18, Ill. Rev. Stat. 1931, chap. 24, par. 717; *City of Chicago* v. *Farwell,* 286 Ill. 415; *Siegel* v. *City of Chicago,* 325 id. 88.

It has also been held the title acquired through condemnation relates back to the date on which the petition, in case of proceedings under the Eminent Domain act, or the reports of commissioners under the Local Improvement act, are filed; (*Chicago, Evanston and Lake Superior Railroad Co.* v. *Catholic Bishop of Chicago,* 119 Ill. 525; *Hutchins* v. *Vandalia Levee and Drainage District,* 217 id. 561;) and that liens on, or rights existing against the land prior to such date are transferred to or included in the award. (*City of Chicago* v. *Collin,* 302 Ill. 270; *Chicago, Evanston and Lake Superior Railroad Co.* v. *Catholic Bishop of Chicago, supra.*) It is also said that in law the

land is regarded as being taken at the time the petition for eminent domain is filed. *City of Chicago* v. *Collin, supra; Chicago and State Line Railway Co.* v. *Mines,* 221 Ill. 448.

It has also been established that possession of land condemned may not be had until compensation is paid. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141.) In *People* v. *Price,* 282 Ill. 519, it is said: "The rule is, that the title to property condemned does not vest until damages awarded by the judgment are paid." The apparent conflict between these two statements of the law is reconciled when we understand that the rights of the city in this case to the land and the possession thereof, and the owner to its value, are all fixed as of the date of the filing of the report of the commissioners, and, while the right to title may vest as on the date the money is paid, the title acquired relates back to the time of the filing of such report. In *Mills* v. *Forest Preserve District,* 345 Ill. 503, it is recognized that while the municipal body exercising eminent domain may never acquire any interest in the land even after the petition is filed, the completion of the proceedings gives such body its rights as of the date of filing of the petition, where it is said: "With the filing of the petition, the petitioner, if it has the right of condemnation, acquires the right to obtain the title to the property at its market value at that time, and rights acquired in the property after that time are subject to the pending suit and subordinate to the rights of the petitioner."

The contention is made however that since it is the duty of the taxing authorities to continue to spread taxes on the property without regard to eminent domain proceedings (*People* v. *Price, supra,*) and because the owners of the real estate may be made personally liable for taxes assessed against land, it follows that taxes levied on the property to be taken, subsequent to the date of the filing of the report of the commissioners, are a lien on the compensation money paid to the county treasurer, in favor of

the county collector, which authorizes the latter to deduct such taxes from the amount of the award deposited. We see nothing in the *Price case* which justifies such claim, as that question was not in issue, and was not decided.

We have here a case in which obligations and rights are fixed by law arising from different situations, which must be applied so as to effectuate their object, if conformable to the constitution. It is a matter of common knowledge that in eminent domain proceedings under the Local Improvement act, considerable time may elapse between the time in which the value of the first and the last piece of property may be ascertained. It is only when the rights have been determined as to all the parties to a local improvement proceeding that the judgment becomes final. (Local Improvement act, section 32.) The statute, as well as the decisions of this court, however, require ascertaining value of the property taken as of the date of the commissioners' report, and the net money that one will receive is determined as of the liens existing at that date. (*City of Chicago* v. *Collin, supra; Turk* v. *City of Chicago,* 352 Ill. 171.) However, the municipality has the right, after the final judgment is entered, to abandon the proceeding, so there is no certainty that the land proposed to be taken will become subjected to a public purpose. It is therefore reasonable and necessary for the taxing authorities to continue to assess the property involved, but when the money is actually paid, which is the event that completes the taking, the title acquired relates back to the time when the commissioners made their report, and it is only the liens that existed at that time that are liens against the fund.

The right of the collector to a personal judgment against one sued as the owner of real estate is not absolute, but the defendant is entitled to personal service of process, and may in such suit make certain defenses that would defeat the judgment. *Griffin* v. *County of Cook,* 369 Ill. 380;

*Neal Institute Co.* v. *Stuckart,* 281 id. 526; *Elmwood Cemetery Co.* v. *People,* 204 id. 468.

It is rather apparent that if a suit at law were brought against one for the payment of taxes on real estate, and his answer should disclose he was not the owner of the property at the time the tax was imposed, it would be a complete bar to judgment. The rights of the owner and the public are mutual, and the passing of the title and the payment of the money are concurrent events. They are both presumed to take place at the date as of which value is fixed. (*Chicago and Northwestern Railway Co.* v. *City of Chicago, supra.*) If the proceeding is abandoned and the title to the land remains in the defendant while the subsequent taxes are levied, a question not before the court is presented.

It has been held in other eminent domain cases that liens accruing after the date for fixing the value has passed, are subject to being avoided by the completion of title on payment of the award. To permit taxes of subsequent years to be charged as a lien against just compensation for land, title to which relates back to a time before their assessment, would infringe the constitutional provision that property shall not be taken for public use without just compensation.

We are of the opinion it was error for the Appellate Court and the superior court to order the taxes for the years 1927, 1928 and 1929 to be deducted from the award deposited as payment for the value fixed as of May 26, 1926, and such judgments are accordingly reversed, and the cause remanded to the superior court of Cook county, with directions to proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*