(No. 36518.—

THE CITY OF CHICAGO, *et al.*, Appellees, *vs.* R. R. BUILDING CORP., *et al.*, Appellants.

*Opinion filed January 23, 1962.*

GORMAN & DRUGAS, of Chicago, (ROBERT J. GORMAN, of counsel,) for appellants.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS, Special Assistant State's Attorney, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On February 19, 1960, the city of Chicago filed its petition to condemn certain property owned by Jens P. Nielsen and Martha M. Nielsen, his wife. Thereafter the parties agreed that the value of the property was $132,000, and in accordance with the agreement a jury was impaneled which returned a verdict finding that amount to be the just compensation for the property. On May 19, 1960, judgment was entered on the verdict, and subsequently, on a date that is not specified in the record, the city deposited the sum of $132,000 with the county treasurer of Cook County. Pursuant to statute, real property taxes for the year 1960 became a lien upon the property on January 1, 1960, (Ill. Rev. Stat. 1959, chap. 120, par. 509) and from the amount de-

posited the county treasurer retained $3499.50, the amount estimated to be necessary to satisfy that lien.

On June 30, 1960, the Nielsens filed a petition which prayed that the county treasurer be ordered to turn over to them the entire amount retained, or "in the alternative that said monies be prorated between the parties for the year 1960." The petition alleged that "at the time of said agreement it was the intention of Petitioners as well as the intention of the attorneys representing the City of Chicago, that Petitioners would pay no real estate taxes for the year 1960 in accordance with the procedure and interpretation of the law then in practice and being followed in eminent domain cases." The city's answer denied this allegation. The court heard arguments and ordered the petition dismissed, and the petitioners have appealed directly to this court. The revenue is involved. Ill. Rev. Stat. 1961, chap. 110, par. 75.

The order dismissing the petition specifically recited that no evidence was offered "as to the agreement or intention of the parties in respect to the 1960 taxes and the condemnation award." It also recited that the court had heard the argument of counsel for the petitioners to the effect that "Chapter 120 Section 509 Smith-Hurd Statutes is unconstitutional and in violation of Article II of Section 2, (sic) and Article IX of Section 1, (sic) of the Constitution of the State of Illinois, and in violation of the 5th (sic) and 14th Amendments to the United States Constitution in that it requires the payment of real estate taxes by condemnees of real estate for arbitrary periods of time when the real estate is in fact owned by the condemning body and is thus a taking of property without due process, * * *."

Our statutes have consistently fixed a date upon which the lien of taxes shall attach. Under the Revenue Act of 1872 that date was fixed as May 1 of the tax year; under the Revenue Act of 1939 the lien date was April 1, and by a 1959 amendment to that statute it was provided that the

lien should attach on January 1. (Smith-Hurd, Ill. Ann. Stat., chap. 120, par. 509, historical note.) The fixing of a statutory date upon which annual property taxes shall become a lien is common legislative practice, and many decisions have dealt with the problems that arise when property is taken by eminent domain after the lien has accrued. See cases collected, 45 A.L.R. 2d 522.

These problems have twice been before this court in recent years. (*Chicago Park Dist.* v. *Downey Coal Co.* 1 Ill.2d 54; *City of Chicago* v. *McCausland,* 379 Ill. 602.) Those cases, together with *People ex rel. Stuckart* v. *Price,* 282 Ill. 519, state the applicable doctrines, which may be shortly summarized. Although the value of the property taken is determined as of the date the eminent domain petition is filed, the condemnor is not entitled to possession until the amount found to be just compensation has been paid to the owner or deposited, pursuant to statutory authority, for his benefit. There is always a time interval between the filing of the petition and the ascertainment and payment or deposit of just compensation, and the duration of that interval may vary widely from one case to another. During that interval the property owner's possession can not be disturbed. But when the compensation has been paid or deposited, the condemnor's title, as a matter of law, relates back to the date the petition was filed, and any liens upon the property which existed at that time are transferred and "attached" to the award.

*City of Chicago* v. *McClausland,* 379 Ill. 602, involved a proceeding under the act concerning local improvements. Under that statute the value of the property is ascertained as of the date of the filing of the commissioner's report, and when compensation is paid or deposited the title of the condemnor relates back to that date. The commissioner's report was filed on May 26, 1926, but the judgment fixing compensation as to the property involved was not entered until three years later, June 30, 1929. In that case the effort

of the county treasurer to deduct taxes for the years 1927 and 1928 from the amount awarded as compensation was rejected.

*Chicago Park Dist.* v. *Downey Coal Co.* 1 Ill.2d 54, was a proceeding under the Eminent Domain Act. The petition was filed on May 11, 1951; the judgment fixing the amount of the award was not entered until a year later, on May 16, 1952, and the amount of the award was deposited with the county treasurer on that date. The county collector contended that because the taxes for the year 1952 became a lien against the property on April 1, 1952, the amount of those taxes should be deducted from the award. That contention was also rejected.

It was thus held that the award is not subject to the payment of taxes that became a lien after the petition was filed, even though the property owner was entitled to possession until the award was paid. Implicit in these decisions is the proposition that the award is subject to those taxes which are liens upon the property when the petition is filed. It is clear from the argument of the appellants that they would prefer a statutory scheme which required that taxes for the year in which the eminent domain petition is filed should be prorated between the condemnor and the property owner as of the date of the filing of the petition. But beyond that point the argument is difficult to follow. It is emphasized that title passed to the condemnor upon the filing of the petition, which in this case was February 19, 1960, and it seems to be asserted that it is unconstitutional to charge as a lien against the property any part of the 1960 taxes attributable to a period beyond that date.

The appellants' suggestion that taxes for the year in which the petition is filed should be prorated as of the date on which the petition is filed would unquestionably be advantageous to the property owner. But as the *McCausland* and *Downey Coal Co.* cases show, such a statutory scheme could result in long continued enjoyment of the property

without the payment of taxes. It has been held that a transfer of property to a tax-exempt owner, made during the tax year, but after the tax lien had accrued, does not impair the lien. (*People ex rel. McCullough* v. *The Ladies of Loretto,* 246 Ill. 403.) Nothing is advanced in the argument of the appellants that would indicate that it is improper to treat annual taxes, and the lien therefor, as a unit, or would characterize as unconstitutional the present statutory adjustment between the interests of the condemnor and those of the property owner. Indeed, that adjustment seems to be consistent with the results reached in most other States. (See cases collected, 45 A.L.R.2d 522.) The order appealed from shows that the appellants failed to establish the contractual claim that they originally asserted. Their preference for a different method of adjustment, advanced after their original claim had failed for want of proof, is not a sufficient ground upon which to declare a statute unconstitutional.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*