(No. 37484.—

THE PEOPLE *ex rel.* Henry B. Curry, County Collector, *et al.,* Appellants, *vs.* DECATUR PARK DISTRICT, Appellee.

*Opinion filed March 25, 1963.*

BASIL G. GREANIAS, State's Attorney, and GARMAN, GREANIAS & OWEN, both of Decatur, for appellants.

ROBERT S. MONROE, of Decatur, (D. S. McGAUGHEY, JR., of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal is from an order of the county court of Macon County sustaining the objections by appellee, Decatur Park District, a municipal corporation, to the application for judgment for 1960 taxes assessed against certain real and personal property owned by the district, and consisting of certain lands in the town of Long Creek, a one-acre tract in the town of Decatur improved by the Redwood Restaurant, and the fixtures and equipment located therein. The order found all of said property to be exempt from taxation under the provisions of section 19.18 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 500.18) and further found said statute constitutional. The county collector and the town of Long Creek have appealed directly to this court, and, the validity of the statute being involved, we have jurisdiction.

At the hearing in the trial court, it was stipulated and agreed that the Decatur Park District is a municipal corporation organized under the Submerged Land Act, in force July 1, 1895, and now classified as a general park district under the provisions of the Park District Code (Ill. Rev. Stat. 1959, chap. 105); that said district at all times mentioned had a population of less than 500,000 inhabitants by the last or any preceding Federal census; that the district comes within the provisions of section 19.18 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 500.18) as added July 17, 1959; that the district is the owner of all of the premises and property described in the tax objections which constitutes property "belonging to" the district within the meaning of section 19.18; that included within the described premises are 273 acres of land which constitute a part of the larger premises commonly known as Decatur Municipal Airport.

It was further stipulated that the 273 acres were held to be subject to real-estate taxes for 1957 by the Macon county court for the reason that the land had not been exclusively used for public purposes, the same having been

used in the growing of corn and other grains; that the district paid real-estate taxes on the 273 acres for the taxable years of 1957, 1958 and 1959; that the 273 acres were, during the calendar year of 1960, used by the district for "airport purposes and for the growing of corn and other grains to the same extent as the same were used during the calendar year 1957". It was finally stipulated that the Decatur Municipal Airport is owned and operated by the district pursuant to the provisions of the Park District Code, and that the airport lies outside of the territorial boundaries of the park district as the same were originally established.

Appellants contend that the trial court erred in sustaining the objections of the park district for the following reasons: first, section 19.18 of the Revenue Act does not comply with the provisions of section 3 of article IX of the Illinois constitution of 1870 which permits the legislature to grant exemption from taxation in certain enumerated cases but only by general law; second, that section 19.18 is not a general law within the meaning of section 3 of article IX of the constitution; third, section 19.18 is a special law which violates the provisions of section 22 of article IV of the constitution; and lastly, the exemption of park district property is already governed by a valid general law.

Section 19 of the Revenue Act of 1939 (Ill. Rev. Stat. 1939, chap. 120, par. 500) provided "all property described in this section to the extent herein limited, shall be exempt from taxation, that is to say: * * *". The section then listed 12 separate general classifications of property, including property of the United States, and property belonging to the State of Illinois. In 1951 the exemption of all property of a park district of 500,000 or more inhabitants lying within the territorial limits of the district was added. In 1959 the legislature revised section 19 and re-enacted all the provisions for the exempt classifications as sections

19.1 to 19.14, inclusive. It then added additional exempt classifications set forth in sections 19.15 to 19.19, inclusive. Ill. Rev. Stat. 1959, chap. 120, pars. 500 *et seq.*

We are involved with the constitutionality of the new section 19 as it now stands and particularly this language:

"§ 19. All property described in Sections 19.1 to 19.19 inclusive, to the extent therein limited, shall be exempt from taxation.

\* \* \*

"§ 19.18. All property of every kind belonging to any park district having a population of less than 500,000 inhabitants by the last preceding Federal Census."

Section 19.18 is plain and unambiguous. It exempts from taxation all property of every kind belonging to a park district of less than 500,000 inhabitants without regard to its location or use. The sole test for exemption is ownership by the park district.

Appellants argue that the district had the burden of establishing the validity of its claim for exemption and hence the burden of establishing the validity of the statute in question. Appellee contends that since appellants challenge the constitutionality of section 19.18, the burden lies with appellants. It seems clear to us that by the stipulation, the district is placed squarely within the provisions of the exemption provided by section 19.18, and any further showing as to qualification for exemption of district property was obviated. The cases cited by appellants are clearly distinguishable from the instant case, for in each of them the statute in question required the owner to establish exemption on the basis of use. (*City of Mattoon v. Graham*, 386 Ill. 180, 184; *People ex rel. Gill v. Trustees of Schools*, 364 Ill. 131, 134.) In *City of Lawrenceville v. Maxwell*, 6 Ill.2d 42, we said (p. 48): "Whether property is exempt from taxation depends upon facts which must be ascertained by jury or tribunal acting as such; and when such facts are determined the question of exemption is one of law.

* * * One claiming exemption from taxation has the burden to show clearly that the property is within the exemption statute." This burden was here discharged by stipulation of counsel, and thus the burden shifted to appellants who contend the statute granting exemption is unconstitutional as special legislation in violation of section 3 of article IX and of section 22 of article IV of the Illinois constitution of 1870.

The contention that section 22 of article IV is violated is without merit, as appellee is conceded to be a municipal corporation. We have held that the prohibition of section 22 against special laws granting special or exclusive privilege, immunity or franchise to any corporation applies to private corporations, and not municipal corporations. *Kocsis* v. *Chicago Park District,* 362 Ill. 24; *People ex rel. Koch* v. *Rinaker,* 252 Ill. 266.

We have heretofore held other subsections of section 19 to be valid as general laws—section 19.17 in *People ex rel. Adamowski* v. *Chicago Railroad Terminal Authority,* 14 Ill.2d 230, 243; and section 19.13 in *People* v. *Chicago Transit Authority,* 392 Ill. 77, 94. In each of these subsections, as in 19.18, there is no requirement imposed for exemption other than ownership by the municipal corporation.

Finally, it is argued that section 19.18 is not a general law because it classifies on the basis of identity of the taxpayer rather than the property, and singles out a particular taxpayer for special treatment. Appellants rely on *City of Lawrenceville* v. *Maxwell,* 6 Ill.2d 42, as holding that only property is the proper basis for classification. That case arose under subsection (6) of section 19 of the Revenue Act of 1939 which is now section 19.6. This section requires that to exempt property owned by a city or village and located outside the corporate limits of a city or village, the property must be shown to be used exclusively for municipal or public purposes. We are not involved with that question here, as appellee is a park district with less

than 500,000 inhabitants, and its property is not within the purview of section 19.6. Appellants do not question the validity of the classification of the taxpayer on the basis of population. Rather, they argue that, if the district is allowed to remove the property from the tax rolls, the effect of the exemption is to inflict substantial injury upon other property owners by diminishing the amount of property which carries the expense of government; that the district has all the rights of private ownership in a governmental subdivision of which it is not a resident, with none of the obligations of a private landowner to pay for those benefits: that no benefit from the land taken is given the overburdened taxpayers, and the harm increases as the district acquires more and more land. While we might, individually, agree with this argument as a matter of economic philosophy, insofar as it pertains to property lying outside the district, and it is certainly a proper item for legislative consideration in determining the desirability of the exemption, our duties do not encompass nor permit a determination of desirability. As we said in *Du Bois* v. *Gibbons, 2 Ill.2d 392, 399*: "There is always a presumption that the General Assembly and its committees acted conscientiously and did their duty in making a survey of the conditions prevailing in the municipalities of the State before enacting the classification legislation and the result will never be nullified by this court on the ground that its judgment might differ from that of the General Assembly. Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will the courts act to hold the classifying enactment invalid."

Lacking an affirmative showing that the legislative action is clearly unreasonable or arbitrary, we have no power to interfere. The judgment of the county court of Macon County is therefore affirmed.

*Judgment affirmed.*