30 Ill.2d 115 (1963)
195 N.E.2d 192
PUBLIC BUILDING COMMISSION OF CHICAGO
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, et al.  (140 NORTH DEARBORN BUILDING CORPORATION et al., Appellants,
v.
BERNARD J. KORZEN, County Collector, Appellee.)
No. 37895.
Supreme Court of Illinois.
Opinion filed November 26, 1963.
Rehearing denied January 20, 1964.
*116 MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, and MILLER, GORHAM, WESCOTT & ADAMS, both of Chicago, (SHERWOOD K. PLATT and EDWARD R. ADAMS, of counsel,) for appellants.
DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and THOMAS A. HETT, Assistant State's Attorneys, of counsel,) for appellee.
Reversed and remanded.
Mr. JUSTICE UNDERWOOD delivered the opinion of the court:
This is a direct appeal from an order of the circuit court of Cook County directing the Cook County treasurer to pay in full the second installment of 1961 general taxes from the condemnation awards previously deposited with the treasurer *117 by the Public Building Commission of Chicago, petitioner in certain condemnation proceedings filed against the defendant-appellants here. The order appealed from dismissed petitions filed by appellants seeking to have the 1961 taxes prorated as of September 12, 1961, the date of the filing of the petition to condemn the property.
The condemnation judgment on the jury verdict as to certain parcels was entered March 5, 1962, and the award deposited on that date; as to the remainder of the parcels involved here, judgment on the verdict was entered July 31, 1962, and the awards deposited with the county treasurer on August 15, 1962. Subsequent to the deposit of March 5, 1962, appellee-treasurer was authorized to withhold from each award paid on March 5, 1962, sufficient money to cover the 1961 taxes as to those tracts. The collector then paid the first half of the taxes. As to the remaining tracts for which deposit was made on August 15, 1962, since the first half of the 1961 taxes had been previously billed to and paid by the owners, they authorized appellee to withhold sufficient funds to cover the second half of the 1961 taxes. Appellants then filed a petition for proration relying upon the provisions of section 28.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1961, chap. 120, par. 509.1) which provided as follows: "After the effective date of this amendatory Act of 1961, whenever a fee simple title in real property is purchased, granted, taken or otherwise transferred for a use exempt from taxation under this Act, such property shall be exempt from taxes from the date of the vesting of title. The County Collector is authorized to issue a tax bill to the person divested of title for that part of the year during which he retained fee simple title, and to accept payment of said bill as full and final settlement of tax liability for the year involved". This act was approved August 8, 1961, and was in full force and effect at the time the petition for condemnation was filed on September 12, 1961. The circuit court of Cook County denied the prayer of the petitioners to *118 prorate the 1961 taxes as of September 12, 1961, holding that title to the property condemned vested within the meaning of the act on the date that compensation was paid and deposited with the county treasurer, to-wit: March 5, 1962, for parcels 5 and 13, and August 15, 1962, for parcels 7 and 8. The order directed appellee to apply the balance of the funds held by him on deposit to the payment of the full amount of the second installment of 1961 taxes. This direct appeal follows. Since the sole issue is whether the funds retained by the county treasurer belong to the taxpayers or to the taxing bodies, the case relates to the revenue and a direct appeal is authorized under section 75 of the Civil Practice Act. Ill. Rev. Stat. 1961, chap. 110, par. 75; City of Chicago v. R.R. Building Corp., 24 Ill.2d 20, 21; cf. People v. Kamm, 28 Ill.2d 151.
Since 1959 the legislature has provided that the owner of real property on January 1 in any year shall be liable for the taxes of that year. (Ill. Rev. Stat. 1961, chap. 120, par. 509, Laws of 1959, p. 1558.) Prior to the adoption of section 28.1, above referred to, it was settled by the decisions of this court that annual taxes, and the lien therefor, were properly treated as a unit and that the full amount of the taxes for the year in which the petition for condemnation was filed were payable by the owner. (City of Chicago v. R.R. Building Corp., 24 Ill.2d 20; Chicago Park District v. Downey Coal Co., 1 Ill.2d 54; City of Chicago v. McCausland, 379 Ill. 602.) This court has earlier held that a transfer of property for a use exempt from tax made after the tax lien has accrued does not impair the lien for that year. (People ex rel. McCullough v. Ladies of Loretto, 246 Ill. 403.) It is also settled that general taxes for the years following the year in which the petition to condemn is filed are not the obligation of the property owner and are not deductible from the award regardless of when it is paid. Chicago Park District v. Downey Coal Co. 1 Ill.2d 54.
The R.R. Building Corp. case decided after the adoption *119 of section 28.1, made no reference to that section since the petition for condemnation involved was filed in 1960 and the award was paid in that year. The argument there for proration of the taxes for 1960 was predicated upon an alleged agreement which was denied by the condemnor and we found that the appellants had failed to establish the contractual claim which they asserted. This court, however, reviewed and summarized the problems dealing with the payment of real estate taxes which arise from condemnation, and we concluded that: "Although the value of the property taken is determined as of the date the eminent domain petition is filed, the condemnor is not entitled to possession until the amount found to be just compensation has been paid to the owner, or deposited, pursuant to statutory authority, for his benefit. There is always a time interval between the filing of the petition and the ascertainment and payment or deposit of just compensation, and the duration of that interval may vary widely from one case to another. During that interval the property owner's possession cannot be disturbed. When the compensation has been paid or deposited, the condemnor's title, as a matter of law, relates back to the date the petition was filed, and any liens upon the property which existed at that time are transferred and `attached' to the award." 24 Ill.2d 20, 22.
Appellee argues that to apply the provisions of section 28.1 to taxes which became liens on January 1, 1961, would be to apply the exemption benefits in a retroactive manner so as to release in part a fully accrued tax lien which has heretofore been held to be ineffectual in People ex rel. McCullough v. Deutsche Gemeinde, 249 Ill. 132, where this court held that without a specific direction evidencing a legislative intent to apply the exemption retrospectively the principle that exemption statutes are strictly construed against exemptions and in favor of taxation barred the release of the lien previously accrued. That case, together with People ex rel. McCullough v. Logan Square Presbyterian Church, *120 249 Ill. 9 and People ex rel. Thompson v. St. Francis Xavier Female Academy, 233 Ill. 26 and People v. Ladies of Loretto, 246 Ill. 403, each involved exemption statutes applying to property used exclusively for school and religious purposes. In none of the statutes considered in these four cases was there any direction with reference to billing by the county treasurer for a portion of a taxable year as in present section 28.1. While all doubts are resolved against exemption and in favor of taxation (People ex rel. Brenza v. Turnverein Lincoln, 8 Ill.2d 198), it does not necessarily follow that there is no language in section 28.1 which would indicate that the legislature did not intend to release part of the 1961 tax lien which accrued on January 1, 1961. The act became effective on its approval on August 8, 1961, and had the legislature intended the act to be effective only for years subsequent to 1961, we presume the first clause in the act would have been: "after December 31, 1961," or "on and after January 1, 1962". Instead the legislature said: "after the effective date of this amendatory Act of 1961". The legislature further must have been aware of the Downey and McCausland cases holding the property taken to be exempt from taxes for all years subsequent to the filing of the petition for condemnation. Hence, under the construction contended for by the appellee, this section could be applied only to those instances where a petition for condemnation was filed, the judgment entered, and the award paid all within the same calendar year, since real property taxes now become a lien on January 1.
The Public Building Commission of Chicago which was created pursuant to the Public Building Commission Act of 1955 is a tax-exempt body under the provisions of section 19.15 of the Revenue Act (Ill. Rev. Stat. 1961, chap. 120, par. 500.15) and by virtue of its ownership, all of its property is exempt from taxation. (See People ex rel. Curry v. Decatur Park District, 27 Ill.2d 434.) This being so, the time of the taking would apparently fix the time of exemption. *121 In Hutchins v. Vandalia Levy and Drainage Dist. 217 Ill. 561, we said (p. 574): "It is the doctrine of this court, that the compensation to be paid to the property owner, when his property is condemned, must be fixed by the valuation of the property at the time of the filing of the petition, and the right vested in the condemning party, upon the paymen of the compensation awarded for the land, relates back to the time of filing of the petition." At no time since this decision in 1905 has the legislature seen fit to alter or amend this rule. We have followed it in the McCausland case, the Downey Coal Co. case, the R.R. Building Corp. case and others, and this rule has become the established law of this State.
It seems clear that it was not the purpose of the legislature in enacting section 28.1 to effect any change in the existing law relative to the time when title vests in the condemnor. It seems to have as its purpose to introduce a means whereby the burden of general taxes can be prorated as of the time of filing a petition to condemn and to cure an otherwise inequitable situation resulting from previous rulings of this court. The time of filing a petition to condemn is wholly without the control of the owner who, immediately upon the filing of the petition, no longer has the freedom to deal with the property as an owner in fee simple. He has no assurance that the case will proceed to trial and judgment in the year in which the petition is filed or within several years thereafter; he has no assurance that, when an award by a jury is made and judgment entered thereon, the condemning agency will pay the award within a reasonable time. (Ill. Rev. Stat. 1961, chap. 47, par. 10.) In other words, between the time of filing the petition and the time that the award is actually paid by the condemnor, the owner of real estate cannot enter into long term leases, make improvements, or even maintain the property with hope of reimbursement, and certainly cannot sell it excepting subject to the proceedings then pending.
*122 The mere filing of a petition to condemn effectively encumbers the land, imposing a burden upon it, impeding its transfer, and to that extent destroying the fee-simple estate of the owner. Appellee, in contending that to apply the so-called relation-back theory to effect proration of taxes as of the date of filing of the petition results in an unconstitutional construction of section 509.1, misinterprets the provisions of section 3 of article IX of the constitution of 1870 which provides: "The property of the state, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemptions shall be only by general law." While public use is the test for exemption of certain property owned by certain political subdivisions (Ill. Rev. Stat. 1961, chap. 120, par. 500.6,) for certain other municipal corporations the sole test is ownership (chap. 120, pars. 500.13, 500.18, 500.19). (See People v. Decatur Park District, 27 Ill.2d 434, 439.) Here there is no question but that the Public Building Commission of Chicago is a municipal corporation falling within the category of those whose property is exempt from taxation under section 19.15, because of its ownership. In effect the legislature in granting this type of exemption has concluded that because of the limited purposes for which such public corporations are organized and the narrow scope of their operations only embracing those limited purposes, such property must be put to public use, and thus the fact of ownership necessarily embodies public use. Hence we hold that the phrase in section 28.1 "transferred for a use exempt from taxation under this Act," includes a transfer to a municipal corporation whose property is necessarily exempt from taxation under the Revenue Act by reason of ownership alone.
Accordingly, the order is reversed and the cause remanded to the circuit court of Cook County with directions *123 to order the appellee county treasurer to apply the funds remaining in his hands to the payment of the 1961 tax bills insofar as the same prorated to September 12, 1961, remain unpaid, and to pay the balance of the funds remaining in his hands to the petitioners, appellants here.
Reversed and remanded, with directions.