43 Ill.2d 82 (1969)
250 N.E.2d 644
BOARD OF JUNIOR COLLEGE DISTRICT 504,
v.
ARNOLD CAREY, JR., et al., Appellants.  (Edmund J. Kucharski, County Treasurer, Appellee.)
No. 41692.
Supreme Court of Illinois.
Opinion filed May 28, 1969.
Rehearing denied September 23, 1969.
*83 DUDLEY R. SULLIVAN, of Chicago, for appellants.
EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of the Civil Division, and WILLIAM L. KELLEY, Assistant State's Attorney, of counsel,) for appellee.
Reversed and remanded.
Mr. JUSTICE WARD delivered the opinion of the court:
The Board of Junior College District 504, on October 13, 1965, filed a petition in the circuit court of Cook County to condemn two parcels of land owned by the appellants. A judgment representing compensation for the tracts was entered on April 29, 1966, and the award in condemnation was deposited with the appellee Cook County Treasurer on May 13, 1966. The Treasurer, however, refused to distribute the full amount of the award deposited. It was his position that by virtue of section 27a of the Revenue Act of 1939 (Ill. Rev. Stat. 1965, ch. 120, par. 508a) sums sufficient to satisfy 1965 general real-estate taxes and those for 1966 to the date of the award's deposit against the parcels, which became liens on January first 1965 and 1966, had to be deducted from the award. The appellants filed a petition complaining that section 27a is unconstitutional and praying that the County Treasurer be ordered to disburse to them the full amount of the award retained, excepting only *84 a sum sufficient to pay the 1965 real property taxes on the parcels, prorated as of October 13, 1965, the date on which the condemnation petition was filed. The circuit court held the statute to be constitutional and ordered the petition dismissed. The appellants have appealed directly to this court, a constitutional question as well as the revenue being involved. Ill. Rev. Stat. 1967, ch. 110A, par. 302.
Section 27a was enacted in 1963 and amended the Revenue Act of 1939. (Ill. Rev. Stat. 1965, ch. 120, par. 508a.) The questioned portion of the section states: "whenever a fee simple title or lesser interest in real property is purchased, granted, taken or otherwise transferred for a use exempt from taxation under this Act, such property shall be exempt from taxes from the date of the right of possession, payment or deposit of the award therefor, * * *."
The argument of the appellant is: in a condemnation proceeding the land's valuation is to be made as of the date of the filing of the petition by the condemning authority. When a transfer of title is effected the date of the petition's filing is considered as the date of the passage of title. The provision of section 27a that indirectly authorizes the burdening of an award with real-estate taxes for a year (here 1966) or years subsequent to the year in which title to the land has passed from the condemnee is unconstitutional, because it violates the constitutional assurance that private property may not be taken for public use without just compensation.
It is settled in this State, excepting "quick take" proceedings, that while title to condemned property does not vest in the condemning agency until compensation awarded by the judgment is paid or properly deposited, (Chicago Park District v. Downey Coal Co., 1 Ill.2d 54, 57; City of Chicago v. McCausland, 379 Ill. 602, 605), just compensation is to be determined by the value of the property on the date the petition for condemnation is filed; and once compensation *85 so determined has been paid or deposited, the title which passes to the condemnor, by operation of law, relates back to the date the petition was filed. (Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co., 30 Ill.2d 115, 121; City of Chicago v. R.R. Building Corp., 24 Ill.2d 20, 22.) Only liens which existed against the land on the filing date of the petition can attach to the award. (24 Ill.2d at 22.) Thus, on the filing of a proper petition the condemnor secures the right to obtain title to the land according to the state of title as of that date and at the valuation of the land at that time, and interests which may be acquired thereafter in the land by another are subject to the pending proceedings and are to be considered subordinate to the rights of the condemnor. (Mills v. Forest Preserve Dist., 345 Ill. 503, 509; Eckhoff v. Forest Preserve Dist., 377 Ill. 208, 214-15; see also Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co., 30 Ill.2d 115, 121, 122.) Accordingly, the rights of the condemning Board of Junior College to the parcels and the rights of the appellants as to the land's valuation were fixed as of the time of the filing of the eminent domain petition, and though the Board's right to title vested when the award was deposited, the Board's title is deemed to have been acquired on the date of the filing of the petition. (See City of Chicago v. McCausland, 379 Ill. 602, 605.) It has thus been said that in law the time of the taking is regarded as having occurred on the date the eminent domain petition was filed. City of Chicago v. McCausland, 379 Ill. 602, 604-5, and cases there cited; see Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co., 30 Ill.2d 115, 120-121.
In Chicago Park Dist. v. Downey Coal Co., 1 Ill.2d 54, the petition for condemnation was filed on May 11, 1951. On May 16, 1952, judgment was entered and the amount of the award was on that day deposited with the County *86 Treasurer. The County Treasurer contended that real estate taxes for 1952 should be deducted from the award, since the condemnee was the owner of the property on April 1, 1952, the date on which the taxes became a lien against the property. The court rejected this contention, and quoted City of Chicago v. McCausland, 379 Ill. 602, where it was said: "It has been held in other eminent domain cases that liens accruing after the date for fixing the value has passed, are subject to being avoided by the completion of title on payment of the award. To permit taxes of subsequent years to be charged as a lien against just compensation for land, title to which relates back to a time before their assessment, would infringe the constitutional provision that property shall not be taken for public use without just compensation." (1 Ill.2d at 59.) The ruling and reasoning of Downey are dispositive of the question here. Putting it somewhat differently and applying it here, section 27a authorizes an award of compensation to be reduced by real-estate taxes assessed and accruing for a year or years subsequent to the filing of the condemnation petition. However, when the award is paid or deposited the title to the land is deemed to have been transferred to the condemnee as of the date of the filing of the petition. Too, the valuation of the land is determined as of the date of the petition's filing and the condemnee will not be entitled to any increase in the land's value which may thereafter occur. Section 27a would make the condemnee liable for taxes on land when in law he had become divested of title to the land. The section would unconstitutionally effect a taking of private property for public use without just compensation. Our holding invalidates only that portion of section 27a which we have discussed. See McDougall v. Lueder, 389 Ill. 141, 155.
An invalid law is no law at all, is wholly inoperative and "The effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment." (People ex rel. Barrett v. *87 Sbarbaro, 386 Ill. 581, 590; accord, Fiorito v. Jones, 39 Ill.2d 531, 541; City of Monmouth v. Lorenz, 30 Ill.2d 60, 67; Giebelhausen v. Daley, 407 Ill. 25, 48.) Prior to the invalid 1963 amendment to the Revenue Act discussed, section 28.1 of the Revenue Act, as is relevant, provided that whenever fee-simple title to real property is taken for a tax-exempt use, "such property shall be exempt from taxes from the date of the vesting of title." (Ill. Rev. Stat. 1961, ch. 120, par. 509.1.) In Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co., 30 Ill.2d 115, we construed this provision to mean that where there is a taking of title under eminent domain, the date of the filing of the condemnation petition is intended to be the termination date for liability for taxes on the land, and, therefore, general real-estate taxes for the year in which the petition is filed are to be prorated as of the date of the filing of the petition.
The appellants are therefore liable for 1965 real-estate taxes on the tracts taken, prorated as of October 13, 1965, the date of the filing of the condemnation petition, and, as has been seen, they are not liable for any portion of the 1966 real estate taxes assessed against the parcels taken. Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded to that court with directions to order the appellee County Treasurer to apply the funds in his custody to the satisfaction of the 1965 tax bills, insofar as they, prorated to October 13, 1965, remain unpaid, and then to distribute the remainder of the award in his possession to the appellants.
Reversed and remanded, with directions.