*In re* APPLICATION OF COUNTY COLLECTOR.—(THORNTON, LTD., Petitioner-Appellant, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Respondent-Appellee.)

First District (3rd Division)    No. 78-1064

Opinion filed December 12, 1979.

Warren Lupel and Stanford D. Marks, both of Chicago (Lupel and Amari, of counsel), for appellant.

Allen S. Lavin and Foran, Wiss & Schultz, both of Chicago (Robert E. Wiss and Barbara S. Olinger, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide whether real property owned by a municipal corporation may be sold to a private party through a tax sale proceeding for nonpayment of real estate taxes accruing prior to acquisition by the public body.

Petitioner, Thornton, Ltd., an Illinois corporation, appeals from an order of the circuit court of Cook County denying its petition for tax deed to two parcels of real property owned by respondent, Metropolitan Sanitary District of Greater Chicago, a municipal corporation. On January 25, 1973, respondent adopted an ordinance authorizing the acquisition of the subject property as a potential site for a surface retention reservoir. Following negotiations with owners of the real estate, respondent acquired legal title to the two parcels by deeds dated March 20 and May 5, 1974. In the contracts of sale, respondent was given a credit of $7,589.88 for the payment of any real estate taxes for which sellers might be liable. Based on respondent's petitions for tax exemption filed on June 24, 1974, the property was accorded tax-exempt status for 1975 and subsequent years.

On December 12, 1975, the Cook County collector conducted a sale of the two parcels for nonpayment of general real estate taxes for the year 1974 (Ill. Rev. Stat. 1975, ch. 120, pars. 705-733). At the tax sale, petitioner paid the 1974 taxes as well as a portion of the 1973 taxes, and received certificates of purchase. Petitioner thereafter complied fully with the requirements of the Revenue Act and on July 25, 1977, filed its petition for tax deed to the property. (Ill. Rev. Stat. 1975, ch. 120, par. 747.) Respondent did not redeem from the sale of the real estate.

Prior to a hearing on the petition but after expiration of the redemption period, respondent filed an objection to the issuance of a tax deed. In response, petitioner filed an application for an order directing the county clerk to issue a tax deed.

On March 23, 1978, after a hearing, the trial court denied petitioner's application for tax deed and declared the tax sales to petitioner to be "sales in error." (Ill. Rev. Stat. 1977, ch. 120, par. 741.) In so holding, the court found as follows: that respondent acquired the parcels by purchase; that the parcels were subject to real estate taxes for 1973 and that portion of 1974 prior to respondent's acquisition but were exempt from taxation thereafter; that the acquisitions, together with adjacent parcels, constituted a unified tract appropriated and designated for a public purpose; that petitioner had complied with the requirements of the Revenue Act; and that the real estate taxes for 1973 and part of 1974 were due and unsatisfied but could not be enforced against respondent by sale of the property. The court stated that property held in trust for the public could not be appropriated to private ownership by means of a tax deed proceeding. The court directed the county treasurer to refund the amounts paid by petitioner in the tax sale.

On appeal, petitioner contends that the purchase of property by a municipal corporation does not extinguish a preexisting real estate tax lien and does not preclude issuance of a tax deed arising from a sale to enforce

such lien. Respondent counters that a preexisting lien on public property cannot be enforced through a "forced sale" of the property as such sale would cause a loss to the public. The issue has not been determined by Illinois courts, but has been considered by other jurisdictions.

The majority of jurisdictions have held that when a municipal corporation acquires property after a lien for unpaid taxes has accrued, the preexisting lien is extinguished and unenforceable, and any subsequent tax sale is rendered void. See, *e.g.*, *Halvorsen v. Pacific County* (1945), 22 Wash. 2d 532, 156 P.2d 907; *Housing Authority v. Bjork* (1940), 109 Mont. 552, 98 P.2d 324; *Davis v. City of Biloxi* (1938), 183 Miss. 340, 184 So. 76; *City of Harlan v. Blair* (1933), 251 Ky. 51, 64 S.W.2d 434; *Smith v. City of Santa Monica* (1912), 162 Cal. 221, 121 P. 920.

In *Foster v. City of Duluth* (1913), 120 Minn. 484, 140 N.W. 129, the city acquired title to the property after a tax lien had attached, and a subsequent tax sale was conducted to enforce the preexisting tax lien. The court held the tax sale void and denied the tax purchaser a tax deed, noting that a contrary result might destroy the public character of the property to the injury of the public. The court stated that it was unnecessary to consider what became of the lien; it needed only to decide that all subsequent proceedings to enforce and collect the tax were void. In *State v. Locke* (1923), 29 N.M. 148, 219 P. 790, property which had been purchased by the State subject to a preexisting lien was subsequently sold to a private tax purchaser. The court concluded that upon the State's acquisition of the property, the State was relieved of any liability for unpaid taxes previously assessed, and the power to enforce the lien was abated. Accordingly, the court found the tax deed void. The holding in *Triangle Land Co. v. City of Detroit* (1919), 204 Mich. 442, 170 N.W. 549, reflects the minority position among jurisdictions addressing the issue. There, the city of Detroit purchased land as a site for a fire station after the property had been assessed. The city failed to redeem from a subsequent sale of the property for delinquent taxes. The court held that the tax deeds procured from the State by the tax purchaser were valid against the city.

■■ ■ We believe that the position adopted by most jurisdictions which have dealt with the issue is sound and in harmony with Illinois law. It is settled in Illinois that, absent statute, property belonging to a municipality cannot be executed upon or sold in judicial enforcement proceedings for judgments recovered against the public body. (*City of Chicago v. Hasley* (1861), 25 Ill. 595.) This legal principle has been extended to preclude the sale of real property owned by a municipal corporation for the non-payment of special assessments. *Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 69 N.E.2d 251; *County of McLean v. City of Bloomington* (1883), 106 Ill. 209.

Cases cited by petitioner in support of its contention that public property may be lost to private ownership through a tax deed proceeding are inapposite or distinguishable from the present case. In *People ex rel. Stuckart v. Price* (1918), 282 Ill. 519, 118 N.E. 759, the court rejected the private owner's contention that where a petition for condemnation is filed before taxes are levied, and such petition destroys the rental value of the property, the taxes accruing on January 1 should be reduced. The court concluded that the tax lien was not divested by the condemnation proceedings, and that the private owners thus were liable for the annual taxes levied on the property. The court did not address the issue whether government owned property could be sold for the nonpayment of previously assessed taxes. In *People v. Georgeoff* (1965), 32 Ill. 2d 534, 207 N.E.2d 466, property owned by the State was sold for delinquent taxes accruing prior to ownership by the State, and, no redemption having been made, Georgeoff filed his petition for a tax deed. The court denied the petition because it decided the State could not be made a party defendant to the proceedings. The court did not consider the State's argument that the court was without authority to transfer title to the State's property and that the tax sale should be set aside. The court's silence on these issues cannot be regarded as support for the tax sale proceeding in the present case. In *Stripe v. City of Waukegan* (1929), 254 Ill. App. 74, *rev'd on other grounds sub nom. Stripe v. Yager* (1932), 348 Ill. 362, 180 N.E. 915, this court stated that a municipality which acquires property subject to an existing mortgage must pay the debt or lose the property. The loss of property due to a municipality's failure to pay for the property is clearly distinguishable from the sale of property for nonpayment of an existing tax lien where the purchase price has, in fact, been paid.

Relying on *Harrigan v. County of Peoria* (1902), 106 Ill. App. 218, petitioner argues that a municipality which acquires property subject to a tax lien must redeem or surrender its title. In *Harrigan* the county claimed ownership to the property through escheat. After finding that the purchaser had not complied fully with the requirements for a tax deed, the court declared that the county was entitled to redeem from the sale, and that upon its redemption, the issuance of a tax deed should be enjoined. The facts in *Harrigan* differ substantially from those in the present case since there the property had not been appropriated for a public use. Moreover, transfer of title by escheat is distinguishable from acquisition of title by purchase. Unlike purchase, escheat does not have the purpose and effect of actually divesting title. *People ex rel. Kunstman v. Nagano* (1945), 389 Ill. 231, 59 N.E.2d 96.

Petitioner also cites *People ex rel. McCullough v. Ladies of Loretto* (1910), 246 Ill. 403, 92 N.E. 908, in support of its contention that the

preexisting tax lien was not extinguished upon respondent's acquisition of title. There, the court concluded that where property was transferred to a tax exempt use after accrual of a tax lien, the tax lien for that year was not impaired. This decision, however, was rendered at a time when the lien for annual taxes was treated as a unit. (See *City of Chicago v. R.R. Building Corp.* (1962), 24 Ill. 2d 20, 179 N.E.2d 623.) Subsequently, in *Public Building Com. v. Continental Illinois National Bank & Trust Co.* (1963), 30 Ill. 2d 115, 195 N.E.2d 192, the court abandoned this unit approach and allowed proration of annual taxes as of the date a petition to condemn property was filed. When real property is transferred to a tax-exempt use the property becomes exempt from taxation from the date of right of possession or payment.

We find that the property purchased by the respondent municipality could not be sold to petitioner through a tax sale for the nonpayment of taxes accruing prior to respondent's acquisition of title. The trial court did not err in denying petitioner's application for a tax deed.

Petitioner also contends that the trial court erred in ordering a refund of the amount paid at the tax sale rather than the redemption amount which would accrue pursuant to a tax deed proceeding. Section 260 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 741) provides that when there is a sale in error, the county collector shall refund the amount paid by the purchaser. Section 260 does not define "sales in error" and its list of circumstances constituting "sales in error" is not exclusive. (*Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 381 N.E.2d 249.) Having concluded that the preexisting lien could not be enforced through a tax sale proceeding, the trial court, in our opinion, properly declared the sale to petitioner to be a sale in error. Where errors are made in selling the property, a refund is sufficient protection for the tax sale bidder. (*Thornton, Ltd. v. Rosewell.*) The trial court did not err in directing that petitioner receive a refund of the amounts paid at the tax sale.

For the reasons stated, the order of the circuit court of Cook County denying petitioner's application for a tax deed and directing that a refund be paid is affirmed.

Order affirmed.

McGILLICUDDY and RIZZI, JJ., concur.